## ST. PAUL FIRE & MARINE INSURANCE COMPANY v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 2, 1912.

Nos. 17,288—(73).

**Negligence of licensee — question for jury.**

> Under the circumstances as disclosed by the evidence and the stipulated facts in this case, a question was made for the jury as to whether a fire started by the defendant's employees escaped to and destroyed a building through the negligence of such employees.

Action in the district court for Ramsey county to recover $958.50 damages. The complaint, among other matters, set out a statute of North Dakota providing that every railroad shall have power to make surveys for its proposed road, "and for such purpose, by its officers or agents or servants, to enter upon the lands or waters of any person, but subject to responsibility for all damage which shall be done thereto;" that, at the time of setting out the fire mentioned in the opinion, the tent was on the windward side and dangerously near the barn destroyed, a high wind was blowing, and defendant's servants negligently set out the fire and carelessly failed to watch and confine the same, and the destruction of the barn and its contents was due solely to the negligent acts of defendant's servants while engaged in its work. The complaint further alleged the facts connected with plaintiff's payment of its policy, and that defendant had paid Haslam and Connolly the sum of $72.14, the amount of loss suffered by them in excess of the amount of the insurance, and they had discharged and released defendant from all claim for liability; that at the time of such payment defendant knew plaintiff claimed the right of subrogation according to the terms of the policy, and knew plaintiff had become subrogated to the claim of Haslam and Connolly against the defendant to the extent of the payment made by plaintiff.

[1] Reported in 133 N. W. 849.

The answer admitted the existence of the statute mentioned, and alleged that there was another statute to the effect that a railroad should have power: "In all cases when land is required for public use, the person or corporation, or his or its agents, in charge of such use, may survey and locate the same; whoever may be in charge of such public use may enter upon the land and make examinations, surveys and maps thereof, and such entry shall constitute no cause of action in favor of the owner of the land except for injuries resulting from negligence, wantonness or malice;" and alleged the payment by plaintiff to Haslam or Connolly was voluntary and not pursuant to any obligation under the policy of insurance.

The reply alleged that the second mentioned statute did not relate to or apply to railroad corporations; that the former statute mentioned had been in force in the territory of Dakota and the state of North Dakota since 1879, and had always been and still was the law of the state specially applicable to railroads.

The case was tried before Kelly, J., who directed a verdict in favor of defendant. From an order granting plaintiff's motion for a new trial, defendant appealed. Affirmed.

*J. D. Armstrong,* for appellant.

*How, Butler & Mitchell,* for respondent.

SIMPSON, J.

The defendant, in April, 1905, while engaged in surveying a line of railway in the state of North Dakota, had established a camp for one of its surveying parties on premises belonging to Haslam and Connolly. The camp was located not far from a shingle-roof barn. While the camp was so located, one of the tents caught fire. The burning pieces thereof were carried by the wind to the barn, and the barn and contents were destroyed, causing a loss of upwards of $958.50. Upon the property the plaintiff had issued a fire insurance policy, and after the fire paid Haslam and Connolly the sum of $958.50, the total loss and damage covered by the policy. The plaintiff, claiming that it was subrogated to the rights of Haslam & Company under the provisions of the policy by such payment, and claiming that the fire was caused by the negligence of the defend-

ant's employees, brought this action to recover the damage caused thereby to the extent of the sum paid by it to Haslam and Connolly. Upon the trial it appeared by stipulation and evidence that the tent in which the fire originated was used as a sleeping tent, that it contained an air-tight stove and straw upon the ground for beds, and that a member of the surveying party built a fire in the stove, and about ten minutes thereafter, while no one was in the tent, the tent and contents were burning. No money was paid by the defendant to the owners of the land for the use of the premises for camping purposes, and the license and permission to occupy the land and erect the tents thereon was wholly without consideration. At the close of the evidence the court directed a verdict in favor of the defendant. Thereafter, upon plaintiff's motion, a new trial was granted, on the ground that under the evidence the defendant's negligence was a question for the jury. The defendant appealed from the order granting a new trial. In support of the order plaintiff advances two propositions:

1. The license or permission to occupy the premises, given the defendant without consideration, exonerated the defendant only from liability for that damage which was the necessary or usual consequence of the permitted acts, if performed with due care. The damage here caused not being the necessary or usual consequence of the permitted acts, performed with due care, the defendant should be held liable therefor without proof of negligence. As we understand the position of counsel, he seeks, under the rule so stated, to make a distinction between the direct and certain injury involved in doing the permitted acts and the consequential damages which may result therefrom, but which do not necessarily or usually so result. We think any such distinguishing line is too indefinite and uncertain to be useful nor does it appear that such a distinction can be made on principle. The permission gave the licensee the right to do the permitted acts with due care, and in the absence of an agreement to the contrary it must serve to exonerate the licensee from damage resulting from so doing the permitted acts.

2. Counsel for the plaintiff further claims that the new trial was properly granted for the reason assigned by the trial judge—

that is, that the facts shown by the testimony and stipulation make a case for the jury on the question of the defendant's negligence. It clearly appeared that the fire originated in the tent used and controlled by the defendant. Within the tent was a sheet-iron stove and straw upon which the men slept. It appeared that an employee of defendant started a fire in the stove and left the tent. In a few minutes, in some manner, the straw and other inflammable material within the tent and the tent itself were burning. Burning fragments of the tent were carried by the wind to the barn, one hundred or one hundred twenty-five feet distant, causing its destruction by fire. The duty to actively guard a fire and the responsibility for its escape to adjoining property must depend largely on circumstances. The considerations applicable in these respects to the escape of fire from ordinary furnaces or stoves in buildings are very different from those applicable to an open camp fire kindled near surrounding combustible material, or a fire kindled under the conditions here shown to exist. The defendant, for its own benefit, created all the conditions by which the buildings on the premises were exposed to danger from fire. Under the conditions shown to exist within the tent, the risk from fire was apparent. It was the defendant's duty to exercise care commensurate with the apparent danger. The appliances used and the conditions shown creating the risk were all simple, open, and within the control of the defendant. So far as appears from the evidence, or as suggested in any theory of the origin of the fire, if the defendant had used reasonable care, the fire would not have escaped from the stove to the tent and contents. That it did escape under these circumstances would warrant the jury in finding that the defendant was negligent.

Affirmed.