[No. 6825. Decided January 15, 1908.]

INEZ WALTERS, *a Minor, by Her Guardian Ad Litem, Leona Walters, Respondent,* v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant.*[1]

CARRIERS—INJURY TO PASSENGERS—OBSTRUCTION ON TRACK—DEGREE OF CARE—INSTRUCTIONS. In an action for personal injuries sustained in a street car collision, it is proper to refuse an instruction exonerating the defendant from liability in case the motorman's failure to avoid the collision, with the exercise of the highest degree of care, was due to some clay deposited on the track by "some agency not under the control of the defendant," where the instruction

[1]Reported in 93 Pac. 419.

omitted the qualification that the defendant must have exercised the highest degree of skill and care to have discovered and removed the obstruction.

SAME—COLLISION OF STREET CARS—PRESUMPTIONS—PLEADING AND PROOF—SPECIFIC ALLEGATIONS. The fact that the plaintiff was unable to prove the particular cause of a collision of street cars, as set forth in her complaint, does not deprive her of the benefit of the presumption that negligence is presumed from the happening of a collision, since that was alone the substance of the issue, and the particular cause alleged need not be proved.

WITNESSES—CROSS-EXAMINATION — CREDIBILITY — DEGRADING WITNESS. Upon the cross-examination of a witness who had testified as to the proper manner of stopping a street car on a grade, a question as to certain charges preferred against him, upon which he was dismissed from the defendant's employ, relates to a collateral matter which does not affect his credibility as to the fact testified to, and he may properly decline to answer; since the only purpose of the question was to expose him to disgrace.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered February 21, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in a street car collision. Affirmed.

*Sachs & Hale*, for appellant.

*Jackson Silbaugh*, for respondent.

FULLERTON, J.—The appellant owns and operates an electric railway extending from the city of Seattle to the town of Renton, in King county. On August 13, 1906, the respondent was a passenger on one of the appellant's cars, and was injured by a collision which occurred between the car on which she was riding and a car coming from the opposite direction. This action was brought to recover damages for the injuries received. At the trial the jury returned a verdict in favor of respondent for the sum of $5,000. The trial judge deemed the recovery excessive, and reduced it to $3,000, offering the respondent the alternative of accepting it as reduced

or submitting to a new trial. The respondent accepted the modified verdict, and the judgment from which this appeal is taken was entered thereon.

The appellant requested an instruction to the effect that if the car which collided with the car on which the respondent was riding came in contact with some clay which had been deposited upon the track "by some agency not under the control of the defendant," and that when the car wheels struck such clay the car, by reason of coming in contact therewith, shot forward, and that the motorman thereon did all in his power to stop the car before it came into collision with the car on which the appellant was a passenger, but could not with the highest degree of care have prevented the collision, and the motorman on the other car was guilty of no negligence, then the appellant would not be liable for the collision or liable in damages to the respondent for her injuries. This instruction the court properly refused. It does not correctly measure the appellant's duties. For a railway company carrying passengers to show merely that a collision was caused by some obstruction of the track, caused by an agency over which it had no control, is not enough to excuse it from responsibility for a collision. It must go further and show that it could not by the highest degree of care and diligence consistent with the practical operation of its railway have discovered and removed the obstruction prior to the time it operated its cars over the track. The instruction requested omitted this qualification and was therefore incorrect as a statement of the law.

The court charged the jury in substance that the happening of the collision raised a presumption of negligence on the part of the railway company, and that the respondent was entitled to recover thereon unless they were convinced that the evidence on the part of the railway company overcame this presumption. The appellant admits the correctness of the rule as applied in this jurisdiction, but contends that there was here no room for its application, as the respondent did

not content herself with alleging generally that she was a passenger on the car, that a collision occurred, and that she was injured thereby, but went further and alleged particularly the cause of the accident, and that since she alleged the cause of the accident she must prove it as alleged or subject herself to a nonsuit.

This contention is not tenable. The plaintiff was not deprived of the case proved by a failure to prove all that was alleged. She was only obligated to prove the substance of the issue, and by the substance of the issue is meant the facts essential to a recovery. "The rule is, that whatever cannot be stricken out without getting rid of a part essential to a cause of action must be retained, and, of course, proved even if it be described with unnecessary particularity." In this case all that pertained to the particular cause of the accident could have been stricken out and still enough remain to warrant a recovery. The particular cause of the accident was not, therefore, of the substance of the issue, and it was not necessary for the appellant to prove it in order to recover, even though it was alleged. Doubtless, in many cases, it is desirable to plead and prove the exact cause of an accident in order that the question of the defendant's negligence may be put beyond the peradventure of a doubt and thus insure a recovery, where otherwise recovery might be doubtful if the presumption alone were relied upon. Such was perhaps the purpose of the plaintiff in this instance. But the plaintiff is not to be deprived of the case her pleadings and proofs made merely because she alleged a stronger case than she was able to prove. *Cassady v. Old Colony St. R. Co.*, 184 Mass. 156, 68 N. E. 10; *Chicago City R. Co. v. Carroll*, 206 Ill. 318, 68 N. E. 1087; *North Chicago St. R. Co. v. Cotton*, 140 Ill. 486, 29 N. E. 899; *Wood v. Roxborough etc. Pass. N. Co.*, 12 Montg. Co. Rep. (Pa.) 155.

A Mr. Johnson, who had formerly been a motorman in the employ of the Seattle Electric Company, was called as a wit-

ness on the part of respondent and testified as to the proper method of stopping a car when on a grade such as the one on which the accident in question happened. On cross-examination he testified that he had been on the police force of the city of Seattle since he quit work for the Seattle Electric Company, but was dismissed therefrom because of certain charges which were preferred against him. He was asked what the charges were, and declined to answer. The question was repeated, when an objection was interposed which the court sustained. It is claimed that this was error, but we think the ruling proper. The witness was being questioned on a collateral matter which could affect only his credibility generally; not his credibility as a witness to the particular fact under consideration or as a witness in the particular case. When such is the fact, a witness may decline to answer questions whose only purpose is to degrade him, or expose him to disgrace or infamy. That such was the purpose of this question cannot, of course, be gainsaid.

It is finally insisted that the amount of recovery is excessive notwithstanding the reduction made by the trial judge. But we have examined the evidence on this question and see no sufficient reason for a further reduction.

The judgment is affirmed.

HADLEY, C. J., CROW, RUDKIN, and DUNBAR, JJ., concur.
MOUNT and ROOT, JJ., took no part.