[No. 7959.   Department One.   August 25, 1909.]

# JOHN KLUSKA, *Respondent*, v. W. C. YEOMANS, *Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE—ACCIDENT TO TRAINS—PRE-SUMPTIONS—PLEADING—SPECIFIC GROUNDS. The right to the presumption of negligence arising from proof of an accident to a train is not abandoned by reason of the fact that specific acts of negligence were alleged and no proof was made of such specific acts.

SAME—PLEADING AND PROOF—ISSUES—AMENDMENTS. Where defendant's proof showed the specific cause of the accident to be other than that alleged in the complaint, the plaintiff is entitled to the benefit of all the proofs, on challenge to the sufficiency of the evidence, as the complaint will be deemed amended to conform to the proof.

SAME—NEGLIGENCE OF MASTER—RAILROADS—ROADBED. Where the brass in the axle of a logging car is liable to be misplaced, allowing the frame to drop down, it is negligence for the railroad company to use the road, for the carriage of employees, after the county had so placed planking at a county road crossing that the planks would catch the frame of the car and cause injury to an employee riding on the cars.

SAME—NEGLIGENCE OF MASTER—EVIDENCE—SUFFICIENCY. The evidence sustains a recovery for injuries received by an employee riding on a logging train, notwithstanding the appliances were of standard make and in common use, where it appears that it was a common occurrence for the brasses in the axle of the trucks to slip out, without any fault, allowing the frame to drop down, and that the frame thereby caught upon planks put down by the county at a county road crossing, and that the planks had been laid for several days, and long enough to give the defendant notice thereof, or to put defendant on inquiry; there being a conflict in the evidence as to whether the plaintiff had been notified not to ride upon the train.

SAME—NOTICE TO MASTER—TIME—QUESTION FOR JURY. In such a case, where new planking had been laid at the crossing several days before the accident, and had been run over for at least two days, the time was sufficient to charge the defendant with notice of the change or to put defendant on inquiry; and the question of notice would be one of fact for the jury.

Appeal from a judgment of the superior court of Lewis county, Rice, J., entered September 30, 1908, upon the ver-

[1]Reported in 103 Pac. 819.

dict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee riding on a logging train. Affirmed.

*George Dysart* and *Hayden & Langhorne,* for appellant.

*Bates, Peer & Peterson,* for respondent.

FULLERTON, J.—The respondent recovered a judgment against the appellant for personal injuries, and this appeal is taken therefrom. In his complaint the respondent alleged, in substance, that the appellant was engaged in the business of manufacturing and selling lumber, at the town of Pe Ell, in this state, and owned and operated in connection with his business a line of railroad; that, as a part of the equipment of his road, the appellant owned an engine and certain logging trucks or cars, which, at the time of the respondent's injury, he had transformed into gravel cars by connecting two of the trucks together with a reach or pole and laying on the trucks so connected planks and boards forming a bed; that on November 17, 1906, the respondent was in the employment of the appellant as a common laborer, and was put to work on the gravel train, his duties being to assist in loading the train at one point of the road and unloading it at another under the direction of the appellant's foreman; it also being his duty, in order to facilitate the work, to board the cars and ride thereon from the place of loading to the place of unloading. The cause and manner of his injury he alleged in the following words:

"That on said 17th day of November, 1906, at about the hour of 11:30 o'clock in the forenoon of said day, plaintiff was working at his said employment of laborer for said defendant and had assisted in loading said train of cars aforesaid with gravel and dirt; that said train of cars were at said time ready to proceed to the place of unloading designated by the foreman in charge of said work, under whose direction plaintiff was then working, and plaintiff was directed to ride upon one of said cars and was required to ride upon one of said cars in the performance of his duty, to the

place of unloading.   That said car upon which plaintiff
was required to, and did, ride at said time in the performance
of his duties to complete said work of unloading, was an old,
worn and defective logging car, which had long been owned
and used by said defendant, and that the equipment of said
car, and the fastenings, and the reach holding the front and
back of said car together, for some time prior to said date,
were carelessly, negligently and wantonly suffered and per-
mitted by said defendant to be and remain out of repair, and
were in such a worn, used and unfit condition as to render
said logging car unsafe and unfit for the purposes required
of it, which defective and unsafe condition of said logging
car and its equipment was known to said defendant for a
long time prior to said accident, or could have been known
to said defendant by the exercise of ordinary care and proper
inspection of said car, but which defects were unknown to
plaintiff and could not by the exercise of reasonable care
have been known to said plaintiff.   That at about the hour of
11:30 in the forenoon of the 17th day of November, 1906,
after plaintiff had got on board of said car, and while he
was proceeding upon said car to the place where said gravel
and dirt was to be unloaded, and when said car had reached
a certain trestle on said defendant's line of railroad about a
half mile south of said defendant's saw mill, the pole, or reach
holding together the trucks of the car upon which plaintiff
was riding broke away from and became loosened from one
of the trucks of said car, owing to the worn and delapidated
condition of the equipment of said car, causing said car to
be drawn and broken apart by the engine then drawing said
logging train, and causing the bed or planks on said car
upon which said gravel and dirt was loaded, and upon which
plaintiff was then riding, to be thrown from off said trucks
and down upon the ties and track of said railroad and caus-
ing the plaintiff to be thrown down between said parted
trucks onto said ties and track under said car in such a man-
ner that his left arm was caught between the ties of said
track, and the rear truck of said car not having wholly
broken away and rolling over and on said plaintiff, twisted
plaintiff's said left arm between the ties of said track in such
a manner that plaintiff's said arm was broken in two places,
and plaintiff's back, hips and thighs injured and wrenched,
and other parts of plaintiff's body bruised and maimed, caus-

ing plaintiff to receive a severe nervous shock to his whole system."

For answer the appellant denied specifically the allegations of negligence set out in the complaint, and alleged that the respondent assumed all risk of injury by accepting employment from the appellant and engaging therein.

On the trial of the action the respondent offered no evidence tending to show a defective condition of the pole or reach, further than that it broke and allowed the trucks to pull apart, and the jury found by a special finding that it was not defective. It was shown that the accident was caused by another defect entirely. It appeared that between the place of loading the gravel and the place of its unloading, a wagon road crossed the railroad track. At this crossing, to form a bed for the road, planking had been laid parallel with the rails and spiked to the ties. The accident occurred at this crossing. When the last truck on the hindmost car reached the crossing, certain iron bolts which protruded through the frame of the truck caught on the planking and caused sufficient strain to pull out the reach and allow the trucks to spread apart far enough to drop the load of gravel onto the railroad track. After the respondent rested his case in chief, the appellant called witnesses whose evidence tended to explain the cause of the defect. It was shown, that the appellant's trucks were standard logging trucks of the kind in use on practically all of the logging railroads of the state; that as a necessary part of their construction, there is fitted into the top of the axle box a brass piece with a surface shaped to fit the axle of the truck and which when properly adjusted forms the surface on which the axle revolves; that these brass pieces, owing to the character of the load usually carried on the trucks, the unevenness of the track over which they are hauled, and the rough usage the trucks receive, are extremely liable to slip out of place, letting the frame drop down until it catches on the steel plate that forms the top of the axle box; that this has

the effect of lowering the frame of the truck and increasing its liability to catch on anything put upon the roadbed. It was further shown that the truck caught on the plank in this instance because of the slipping out of one of these brass pieces. It was shown also that it was a common circumstance for these brass pieces to slip out, not only on the appellant's road, but on all similarly equipped roads, some of the witnesses going so far as to say that no means had yet been found to make them absolutely secure when subjected to the uses to which they were put upon the ordinary logging road.

At the conclusion of the evidence the appellant challenged its sufficiency to support a verdict for the respondent, and moved the court to instruct the jury to return a verdict in his favor on the ground that the respondent had failed to prove any actionable negligence on his part. The motion was overruled and the cause submitted to the jury, who returned a verdict in favor of the respondent, on which the judgment was entered from which this appeal is taken.

The appellant first contends that the respondent is not entitled to recover for the reason that he failed to sustain by proofs the specific acts of negligence alleged in his complaint. It is argued that the respondent, having stated a case of specific negligence, abandoned his right to the presumption arising from the rule of *res ipsa loquitur*, and voluntarily took upon himself the burden of proving the specific negligence charged. A number of cases from the supreme court and court of appeals of the state of Missouri are cited which seemingly sustain this position, but this court has heretofore had occasion to consider the question and has declined to follow the rule of these cases. On the contrary, we have followed the rule announced in Massachusetts, and perhaps other jurisdictions, which hold, in effect, that a plaintiff who proves the happening of an accident and is otherwise entitled to certain presumptions arising therefrom, does not lose the benefit of such presumptions because he has al-

leged what he conceived to be the specific cause of the accident. *Walters v. Seattle, Renton etc. R. Co.*, 48 Wash. 233, 93 Pac. 419.

But it seems to us that this question is not presented by the record before us. At the close of the evidence, when the challenge to its sufficiency was made, the specific cause of the accident was made to appear, and there was then no room for the application of presumptions. The respondent was then entitled to the benefit of all the proofs in his favor, that introduced by the appellant as well as that introduced by himself, and, unless the whole evidence made it clear that there was in law no liability, he was entitled to have his case submitted to the determination of the jury. If his complaint did not conform to the proofs, the defect was an amendable one, and the respondent would have been entitled to amend had a challenge been interposed to his right to recover on that ground. But no such challenge was interposed, and the trial court, as well as this court, must treat the complaint as sufficient. The respondent's right to recover, therefore, does not depend on the doctrine of *res ipsa loquitur*. He must recover, if he recovers at all, on a consideration of all of the evidence, and this, as we have stated, shows the specific cause of the accident.

The appellant next insists that the evidence as a whole clearly shows nonliability on his part. He argues that since he used standard made trucks, such as were in common use on all railroads of similar character to his own, and that since these brasses were liable to slip out of place at any time and no foresight could prevent their doing so, he cannot be held in law for an injury happening because thereof. But manifestly this falls far short of showing an exception from liability. Surely the roadbed could be constructed so that the frame of the car would not catch thereon, even should a brass drop out of place; and this being so, it was negligence, since he knew that the brasses were liable to slip, not to construct his roadbed so that danger would not arise

therefrom. Or if it be impossible to construct the roadbed so as to be free from this charge, then it was his duty not to let his servants ride on the cars over the roadbed; or, at least, to so clearly point out to them the danger of riding thereon as to make the risk of injury for so doing their own. The appellant, evidently foreseeing this defect in his proofs, introduced evidence tending to show that he had promulgated general rules forbidding his employees from riding upon the cars. But these rules were not posted about his place of business, and whether they were communicated to the appellant was a disputed point, making it a question for the jury. He also introduced evidence tending to show that the wagon road crossing his railroad was a county road, and that the road supervisor in the course of his duties had laid new planking on the road crossing, and that it was on this new planking that the bolts in the truck frame caught; and from this fact his counsel strenuously argue his nonliability. But it was shown that these new planking had been laid several days before the injury, and had been run over by the appellant's cars for two days, at least, prior to that time. This was sufficient time to give the appellant notice that the change had been made, and put him upon inquiry as to whether his cars could pass over them with safety with the brass pieces out of place; or, at least, sufficient time to make the question of notice to him one of fact for the jury rather than a question of law for the court.

This view of the facts taken by us renders it unnecessary to notice the many questions of law suggested by counsel based on a different view, and renders it needless to pursue the inquiry further. The judgment will therefore be affirmed.

RUDKIN, C. J., GOSE, CHADWICK, and MORRIS, JJ., concur.