## EDWARD T. BARNARD v. CITY OF FERGUS FALLS.[1]

October 27, 1911.

Nos. 17,351—(133).

**New trial.**

> Evidence considered, and *held*, that the trial court did not abuse its discretion in denying plaintiff's motion for a new trial, and did not err in its rulings on the admission of evidence.

Action in the district court for Otter Tail county to recover $1,000, damage to plaintiff's stock of goods stored in a basement which was flooded in consequence of the breaking of defendant's dam. The case was tried before Nye, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*J. W. Mason,* for appellant.

*N. F. Field,* for respondent.

BUNN, J.

Defendant is a municipal corporation of this state and empowered to furnish light for municipal purposes and to supply light to its inhabitants for profit. In the years 1907 and 1908 defendant built upon premises owned by it a concrete dam across the Red River of the North, with a power house thereon, for the purposes aforesaid. This dam raised the water of the river to a height of about twenty-five feet. The backwater extended for a distance of about one mile above the dam. The plant was finished, accepted by the defendant, and put in operation in November, 1908. From this time until September 24, 1909, it was run continuously night and day. At about four o'clock in the morning of September 24 the dam suddenly and without warning gave way and collapsed, and

[1] Reported in 132 N. W. 998.

the water dammed up in the river above it escaped and ran down the river, causing damages to the property of plaintiff.

This action was brought to recover such damages. The complaint, in addition to the facts pleaded in the complaint in City Water Power Co. v. City of Fergus Falls, 113 Minn. 33, 128 N. W. 817, 32 L.R.A.(N.S.) 59, alleged that the dam was improperly and negligently constructed by defendant, and that it collapsed and gave way in consequence of such negligent and improper construction. The answer denied these allegations, and alleged that the dam was built upon a proper model, of good material, and that the work was well, carefully, and substantially done.

At the trial defendant assumed the burden of proving that the collapse of the dam was not caused by improper or negligent construction, and introduced evidence tending to substantiate the allegations of its answer. Plaintiff introduced evidence tending to show that the collapse of the dam was due either to the stoppage by defendant of a spring in the wheel pit, or to the failure of defendant to use steel sheet piling in the foundations. The case was submitted to the jury under eminently fair, clear, and correct instructions, and the verdict was for defendant. Plaintiff moved for a new trial on the ground that the verdict was not justified by the evidence and was contrary to law. This motion was denied, and plaintiff appealed.

1. Is the verdict so against the weight of the evidence as to warrant this court in interfering,·after it has been approved by the trial court?

A careful study of the record leads us to the conclusion that the trial court did not abuse its discretion in refusing a new trial. We would have been better satisfied had the motion been granted; but it cannot be said that there was not a fair conflict in the evidence on the question whether the stoppage of the spring caused the dam to give way, and also on the question of whether the conditions found when excavating for the foundation were such as to make the use of sheet piling necessary in order to comply with the specifications. It is true that the rule of *res ipsa loquitur* applies, but it is equally true that the rule of absolute liability does not. The burden was on defendant to prove that the breaking of the dam was not due to im-

proper or negligent construction, and it is not claimed that there was not evidence sufficient to make the question one for the jury. The fact that the dam gave way so soon after it was built, and the absence of any suggested cause other than the stoppage of the spring or the absence of sheet piling, would have abundantly justified a verdict for plaintiff, and it is with reluctance that we reach the conclusion that we cannot say from the record that there ought to be a new trial. But the evidence was conflicting, the instructions clear and fair, and the trial court approved the verdict. Under the well-known rule in such cases, we think the verdict must stand.

2. There was no error in overruling the objection to the hypothetical question asked the witness Claussen. There was evidence tending to prove the facts assumed in the question.

Order affirmed.