JOSEPH  H.  JONES  v.  TRI-STATE  TELEPHONE  & TELEGRAPH COMPANY and Another.[1]

June 14, 1912.

Nos. 17,616—(135).

**Liability for injury in taking an X-ray picture.**

Plaintiff was injured while in the employ of defendant, and defendant, for its own purposes, employed a doctor to take an X-ray picture of plaintiff's injury. Plaintiff protested against this, but finally consented. An attempt to take the picture resulted in injury to plaintiff. In this action to recover for such injury, it is *held:*

1. That in exposing plaintiff to the X-ray the physician was the agent or servant of defendant, and the rule of respondeat superior applies.

2. The instrumentality being entirely under control of defendant, there being evidence that with proper instrumentalities and proper care the exposure to the X-ray does not result in injury to the subject, and evidence that such injury did so result in this case, the rule of res ipsa loquitur applies, and defendant failed to show conclusively that it was not negligent.

Action in the district court for Hennepin county to recover $50,221 for personal injuries. The separate answers of defendant Curtis and the Tri-State Telephone & Telegraph Company admitted plaintiff's injury while in the employ of defendant telephone company and that there was an X-ray picture taken of plaintiff, but alleged that it was taken by a competent physician and with plaintiff's consent. The reply to the separate answer of the telephone

[1] Reported in 136 N. W. 741.

---

[Note]  Liability of physician for injuries resulting from X-ray treatment, see note in 28 L.R.A. (N.S.) 262.

company was a general denial. The case was tried before Dickinson, J., and a jury which returned a verdict in favor of plaintiff for $4,897. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Harlan P. Roberts* and *Walter S. Chase,* for appellant.

*M. C. Brady* and *Arthur M. Higgins,* for respondent.

BUNN, J.

This is an appeal by defendant Telephone Company from a judgment against it after a verdict in favor of plaintiff and a denial by the trial court of defendant's motion for judgment notwithstanding the verdict. There was no motion for a new trial, and therefore we need only consider whether there was evidence tending to support a verdict for plaintiff.

The somewhat unusual facts may be briefly stated as follows: Plaintiff was in the employ of defendant Telephone Company as a lineman. October 19, 1910, while in the performance of his duties, he received an injury. A physician was called who diagnosed the case as a displacement of the sacro-iliac joint, and used heroic treatment that is claimed to have resulted in forcing the joint into place. Plaintiff was making good progress toward recovery, when the general manager of defendant requested him to submit to an X-ray picture being taken. Plaintiff opposed this, expressing his fear of injurious consequences, assuring defendant's manager he was all right, and offering to release defendant from all claims for damages on account of the injury. Plaintiff's physician also opposed the taking of the X-ray picture. But the manager guaranteed that the taking of the picture would not injure plaintiff, and threatened to discharge him if he refused to submit. After a good deal of hesitation and resistance, plaintiff finally consented that the picture might be taken, and on December 5, 1910, he was taken by defendant's manager to the office of Dr. Roberts, who applied the X-ray over the abdomen for the purpose of taking a picture of the sacro-iliac joint. Dr. Roberts was employed by defendant for the purpose of taking the picture. Plaintiff testified that the current was left turned on for more than seven minutes. He claims to have received a severe burning of the

tissues by the application of the X-ray, and, as a result, to be suffering from paralysis of the bowels.

The relation of physician and patient did not exist between Dr. Roberts and plaintiff. The doctor was the servant of defendant. The case is the same, therefore, as if defendant's manager, or any other agent or employee, had inflicted the injury, and the rule of respondeat superior applies, rather than the law relative to the liability of a physician or surgeon to his patient, or to the liability of a master who employs a physician to treat his servant. There can be no doubt that defendant wanted the picture for its own purposes, probably as evidence in case plaintiff should bring suit against it to recover for the injury received in the accident.

It is quite clear to us that it was a case for the jury. It is not necessary to determine the effect of the manager's guarantee of safety on the liability of defendant. The instrumentality was under the exclusive control of defendant, and there is sufficient evidence that injury to the subject is not a necessary result of the taking of an X-ray picture, if proper instrumentalities and proper care are used. Certainly we cannot say that plaintiff's injuries were not the result of the exposure. These facts are enough to make the case one of res ipsa loquitur, and to make the burden on defendant to show that there was no negligence. Defendant did not show this, at least conclusively. Indeed, there was sufficient evidence of negligence, even without the res ipsa rule, to make a case for the jury.

Judgment affirmed.