## ARTHUR KEITHLEY v. OSCAR E. HETTINGER.[1]

May 12, 1916.

Nos. 19,624—(59).

**Landlord and tenant — licensee — action for loss from fire.**

1. The dwelling house upon plaintiff's farm was destroyed by fire while defendant was in possession of it by permission of plaintiff's tenant who was entitled to possession under his lease. *Held* that defendant was a licensee and his possession not wrongful; *held*, further, that plaintiff was not entitled to recover for the loss without proof of negligence.

**Negligence question for jury.**

2. Even if the facts warranted the application of the doctrine *res ipsa loqitur*, the question whether defendant was negligent was still a question of fact for the jury and not of law for the court.

**Verdict—general and special.**

3. Plaintiff sued for the loss resulting from the fire, and, in the complaint, also set forth another independent cause of action. The jury returned a general verdict for plaintiff for the amount allowed upon the other cause of action, but included nothing therein for the loss resulting from the fire. By direction of the court they also returned a special verdict fixing the amount of loss resulting from the fire. The jury not having included such loss in the general verdict, and not

[1] Reported in 157 N. W. 897.

having found that it resulted from the negligence of defendant, plaintiff is not entitled to judgment against defendant for the amount thereof.

Action in the district court for Polk county to recover $3,790. The facts are stated in the opinion. The case was tried before Watts, J., and a jury which returned the special verdicts mentioned in the opinion and a general verdict in favor of plaintiff for $102.50. Plaintiff's motion for judgment for $2,102.50 notwithstanding the general verdict was denied. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*A. A. Miller,* for appellant.

*F. C. Massee* and *W. E. Rowe,* for respondent.

TAYLOR, C.

Plaintiff rented his farm to defendant under a written lease, by the terms of which the tenancy terminated on February 28, 1914, and defendant agreed to surrender possession thereof on that date. Before the expiration of defendant's term, plaintiff rented the farm to one Aeschliman for a term beginning on March 1, 1914, and by the provisions of the lease Aeschliman became entitled to the possession thereof from and after that date. In the early part of March, Aeschliman sought possession of the farm, but defendant was not ready to remove therefrom, and, after some negotiation, it was agreed between defendant and Aeschliman that defendant should remain upon the farm until March 17, and remove therefrom on that date. Plaintiff had no knowledge of this arrangement and never assented thereto. On March 14, 1914, and while defendant still remained in possession of the premises, the dwelling house thereon was destroyed by fire. Plaintiff brought this suit and set forth two causes of action: One to recover damages for defendant's failure to plow a portion of the farm which he had contracted to plow; and the other to recover for the damages to the farm caused by the destruction of the dwelling house which he alleged had been burned through defendant's negligence. By direction of the court, the jury returned a special verdict in which they fixed the damages for failure to do the plowing at $102.50, and the damages for the destruction of the dwelling house at $2,000. They also returned a general verdict

for plaintiff for $102.50, the amount found due on account of the failure to plow; but did not include therein the damages on account of the destruction of the dwelling house.

Plaintiff made a motion for judgment upon the special verdict for the loss resulting from the fire, notwithstanding the general verdict. This motion was denied and judgment entered for the amount of the general verdict only. Plaintiff appealed from the judgment and insists that the loss resulting from the fire should have been included therein.

Plaintiff contends that defendant's possession, at the time of the fire, was wrongful; and that the fact that the fire occurred during such possession entitled plaintiff, as a matter of law, to recover the amount of the loss without proof of negligence.

At the time of the fire, Aeschliman was entitled to the possession of the premises under his lease; and defendant was in actual possession of them under the arrangement which he had made with Aeschliman. Under these circumstances, defendant was at least a licensee; and his possession was not wrongful, even if it would have been wrongful in the absence of such an arrangement.

One who is upon the premises of another as a licensee is not liable for the damages caused by a fire which occurs, without negligence on his part, while he is occupying the premises as such licensee. St. Paul F. & M. Ins. Co. v. Great Northern Ry. Co., 116 Minn. 397, 133 N. W. 849. In the case cited a party of surveyors, employed by a railroad company, camped near a barn with the consent of the owner but without giving any consideration for the privilege. One of the tents contained straw for beds and an airtight sheet-iron store. A member of the party built a fire in the stove and then went away and left the tent unoccupied. About ten minutes later the tent was found on fire, and the fire was communicated to the barn and destroyed it. It was insisted that liability for the loss existed without proof of negligence, but the court held otherwise. The court further held, however, that while the facts did not establish liability as a matter of law, they made a case for the jury on the question of negligence.

In the instant case, it appears that defendant had an auction sale of his property and effects on the premises on March 14, and that the fire occurred shortly after eight o'clock on the evening of that day. Only

two witnesses testify in the case—plaintiff himself and Aeschliman. Plaintiff testified that he did not see the fire, but visited the place three or four days later and then saw that the house had been burned.

Aeschliman testified that he was informed by telephone that the house was on fire, and went there and found it in flames. He testified that he did not see defendant about the premises, but did not state whom he did see, nor whether he saw any members of defendant's family. There is no other testimony in respect to the fire. There is nothing to show whether it started within the house, or was communicated to it from without. Neither is there any testimony as to whether there had previously been any fire in the house or anywhere about the premises. Defendant did not testify, but contented himself with recalling Aeschliman and proving by him the arrangement to occupy the premises until the seventeenth.

11 Ruling Case Law 955 states: "It is the well established general rule that the destruction of property by fire, either upon the premises where it starts or is kindled, or on other property to which it is communicated, does not raise a presumption of negligence, either in the kindling or management of the fire, and that in all such cases the burden of proof is upon the plaintiff to show that the damage was caused by the negligence of the party kindling the fire or allowing the same to spread." In the instant case there is an utter absence of evidence to show that any fire was kindled by defendant, or that the fire in question resulted from any act of his. Even if the fact that the fire occurred upon the premises while defendant was in possession thereof were to be deemed sufficient, under the doctrine of *res ipsa loquitor,* to permit the jury to infer that it resulted from his negligence, still defendant's liability would not be conclusively established as a matter of law; but such a situation would merely present a question of fact as to whether defendant had been negligent, for determination by the jury. Such an inference would be conclusive only when the facts and circumstances are such that reasonable minds would draw only one conclusion therefrom. Unless the facts and circumstances disclosed are so full and convincing that the court can say that reasonable minds would not differ as to the conclusion to be drawn therefrom, the question as to negligence is for the jury, not the court; and the

jury is to consider and weigh the inference, in the light of all the facts and circumstances, and give it such weight as tending to prove negligence as they deem it entitled to.

The United States Supreme Court, in Sweeney v. Erving, 228 U. S. 233, 33 Sup. Ct. 416, 57 L. ed. 815, Ann. Cas. 1914D, 905, give a remarkably clear and terse explanation of the doctrine of *res ipsa loquitur*. The court says:

"In our opinion, *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forstall the verdict. *Res ipsa loquitur,* where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence it in, the question for the jury is, whether the preponderance is with the plaintiff.

"Such, we think, is the view generally taken of the matter in well-considered judicial opinions."

As sustaining the same rule see the cases cited in that opinion, and also the cases cited in the note appended to the report of that case in Ann. Cas. 1914 D, at page 908.

In the instant case plaintiff did not ask for a new trial, but only for judgment upon the special verdict. The jury have not found that the fire resulted from defendant's negligence, and without such finding plaintiff is not entitled to judgment against defendant for the loss caused thereby.

Judgment affirmed.