## S. E. HOLT v. LOUIS L. TEN BROECK.[1]

### November 24, 1916.

### Nos. 19,938—(90).

**Verdict sustained by evidence.**

    1. The evidence is sufficient to sustain a finding that an injury to the person of the plaintiff was the result of a burn coming from the taking of an X-ray.

**Negligence — rule of res ipsa loquitur — inference of negligence.**

    2. There was evidence having a tendency to prove the defendant negligent in the operation of the X-ray apparatus; and it being wholly under his control and the injury not being one naturally resulting

[1]Reported in 159 N. W. 1073.

Note.—For authorities passing upon the question of liability of physician for injuries resulting from X-ray treatment, see notes in 28 L.R.A.(N.S.) 262; 43 L.R.A.(N.S.) 734.

The question of relation of doctrine of *res ipsa loquitur* to burden of proof is discussed in a note in 16 L.R.A.(N.S.) 527.

Authorities passing on the question of excessiveness of verdicts in actions for personal injuries other than death, see comprehensive note in L.R.A. 1915F, 30.

when the apparatus was properly used, the rule of *res ipsa loquitur* applies. This rule does not shift the burden of proof to the defendant, but permits the jury to draw an inference of negligence from the result.

**Negligence in use of X-ray machine.**

3. The X-ray was not applied for curative purposes. In determining negligence in the operation of an X-ray machine, the test is that of ordinary care, and it is not a matter of importance whether one operating it is a physician.

**Same — evidence of expert.**

4. One qualified to testify as an expert in the use of X-ray machines may, from the result produced, give his opinion whether the machine was operated in a proper manner.

**Damages not excessive.**

5. The verdict is not excessive.

Action in the district court for Hennepin county to recover $15,575 for injuries caused by an X-ray burn. The case was tried before Leary, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $2,500. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Charles G. Laybourn* and *C. D. O'Brien,* for appellant.

*Donald G. Hughes* and *C. B. Elliott,* for respondent.

DIBELL, C.

Action to recover damages alleged to have been caused by the negligence of the defendant in taking an X-ray. There was a verdict for the plaintiff. The defendant appeals from the order denying his alternative motion for judgment or for a new trial.

1. In February, 1915, the plaintiff was under treatment for some trouble in her hip supposed to be a fracture or dislocation. Her attending physician desired an X-ray. The defendant, a regularly licensed physician, took it. A few weeks afterwards a sore developed on her hip which, it is claimed, was the result of an X-ray burn. The evidence is sufficient to sustain a finding that the X-ray caused the sore. The testimony of the plaintiff is that there was none before. It was at the point

of the exposure. There was medical testimony having a tendency to prove that it came from an X-ray burn. The question was for the jury.

2. To recover, it was necessary that the plaintiff prove negligence in the defendant. There is little direct evidence of negligence. The plaintiff claims that, during the progress of the taking, the defendant made some exclamation to the effect that the machine was not working right. Her claim is that the exposure was unduly long, but her testimony does not strongly support it. A physician, sufficiently qualified to give an opinion as an expert, stated that a proper application of the rays would not produce the result which he found.

The evidence is that with a proper machine and with a proper use of it a burn is unusual. There is evidence that the machine was a proper one. The machine and its operation were wholly under the control of the defendant. Under such circumstances the rule of *res ipsa loquitur* applies. Jones v. Tri-State Tel. & Tel. Co. 118 Minn. 217, 136 N. W. 741, 40 L.R.A.(N.S.) 485.

It does not follow from this, as plaintiff's counsel argues, that the burden shifted to the defendant of proving freedom from negligence. "*Res ipsa loquitur*, where it applies, does not convert the defendant's general issue into an affirmative defense." Sweeney v. Erving, 228 U. S. 233, 33 Sup. Ct. 416, 57 L. ed. 815, Ann. Cas. 1914D, 905. The language quoted was approved in Keithley v. Hettinger, 133 Minn. 36, 157 N. W. 897, where the effect of a proper application of the doctrine upon the question of fact in issue was considered. We there held that the *res ipsa loquitur* rule merely permits the jury to draw an inference of negligence; and "the jury is to consider and weigh the inference, in the light of all the facts and circumstances, and give it such weight as tending to prove negligence as they deem it entitled to." It does not follow from what is here said that the *res ipsa* doctrine applies to a bad result or mishap coming from a physician's treatment. The rule does not apply in such cases.

3. In determining negligence, it can make no difference whether the one operating the X-ray appliance is a physician or a lay expert. The care required is ordinary care. It is the care exercised by and to be expected from one reasonably skilled in the use of the appliance. The rays were not applied for curative purposes but to obtain information. This is

the logical if not the necessary result of the holding in Henslin v. Wheaton, 91 Minn. 219, 97 N. W. 882, 64 L.R.A. 126, 103 Am. St. 504, 1 Ann. Cas. 19, that, in an action against a physician for negligence in the use of an X-ray machine, he was not entitled to have the question of his skill determined by physicians of his own school.

4. A physician who qualified himself as an expert in the application of the X-ray was permitted to give his opinion, based upon the result of the operation, that the application was improper. This was not error. The ruling is in harmony with Sawyer v. Berthold, 116 Minn. 441, 134 N. W. 120.

5. The verdict was for $2,500. The defendant claims that it is excessive. The trial occurred a year after the injury. After the injury developed, the plaintiff wandered from doctor to doctor for several months. Finally she went to the hospital. She was there six months. The pain has been considerable. At the time of the trial, so her claim is, she was unable to work. The sore is still open and of considerable extent. One physician says it is uncertain whether it will be permanent. The verdict is not excessive.

Order affirmed.