# A. D. KLEINMAN v. THE BANNER LAUNDRY COMPANY AND THE FIDELITY & CASUALTY COMPANY.[1]

December 23, 1921.

No. 22,006.

**Explosion of steam boiler — res ipsa loquitur.**

1. The defendant laundry company owned and operated a steam boiler on the premises of the plaintiff of which premises it was the lessee. It had exclusive control of the operation and management of the boiler. The boiler exploded and damaged the plaintiff's property. In an action by the plaintiff to recover damages of the laundry company, it is *held* that the res ipsa loquitur doctrine applies.

**Specific allegations of negligence do not affect application of doctrine.**

2. The complaint alleges the ultimate fact of negligence in the laundry company in the care, management and operation of the boiler and in its defective condition. It further alleged specific acts of negligence. It is *held* that the allegation of specific acts of negligence did not prevent the application of the res ipsa loquitur doctrine.

**Absence of fusible plug — refusal to submit question to jury not error.**

3. The boiler did not have a fusible plug in the crown sheet. The water was some 16 inches above the cast iron plug that was used. Conceding that the statute requires a fusible plug, the failure to provide it had no causal connection with the explosion. The refusal of the court to submit the absence of such plug as a ground of negligence was correct.

**Res ipsa loquitur not applicable to insuring casualty company.**

4. The defendant casualty company did not have charge of the operation of the boiler. It inspected the boiler, and insured the owner. It fixed the resisting power at 110 pounds. When the boiler exploded it was carrying a greater load. It is *held* that the res ipsa loquitur doctrine did not apply to the casualty company and that the verdict in its favor is sustained.

[1]Reported in 186 N. W. 123.

Action in the district court for Ramsey county to recover $60,000 damages. The case was tried before Olin B. Lewis, J., who when plaintiff rested denied separate motions to dismiss the action as to each defendant, and at the close of the testimony denied the motion of defendant casualty company for a directed verdict, and a jury which returned a verdict in favor of defendants. From an order denying his motion for a new trial, plaintiff appealed. Affirmed as to the casualty company; reversed as to the laundry company.

C. J. Cahaley and Walter C. Brandt, for appellant.

O. E. Holman and Briggs, Weyl & Briggs, for respondents.


DIBELL, J.

Action by the plaintiff to recover damages to his property caused by the explosion of a boiler. There was a verdict for the defendants. The plaintiff appeals from the order denying his motion for a new trial.

The plaintiff was the owner of improved real property in St. Paul. The defendant laundry company was the lessee. It conducted a steam laundry therein and owned and used in connection therewith a large tubular steam boiler. The defendant casualty company was the insurer of the laundry company against damage caused by the explosion of the boiler.

1. On July 22, 1919, a few minutes after the plant closed at the end of the day's work, the boiler exploded and damaged the plaintiff's building. The principal question is whether the doctrine phrased in the maxim res ipsa loquitur applied and whether the jury could consider it in determining the liability of either one or both of the defendants. The trial court held that it did not apply and did not present it to the jury. The charge negatived its application.

In the case of Banner Laundry Co. v. Great Eastern Casualty Co. 148 Minn. 29, 180 N. W. 997, involving the same explosion, it was correctly suggested that by the weight of authority the res ipsa loquitur doctrine was without application to an explosion of a steam boiler, but a decision was unnecessary to a determination of the case, the evidence being deemed to show that there was no negligence of the plain-

tiff suing the insurance company, and the question was left open. It was held that the explosion was due to the sticking of the safety valve and that the sticking was from some unknown cause or was so unusual that negligence could not be predicated upon it. In this case it does not conclusively appear that the explosion was from a cause for which the defendant was not liable in negligence. The evidence is not the same. For example, there is evidence in this case that a patch or half sheet put on after the boiler had been used for some years very materially weakened its strength. The evidence is not of such character that the res ipsa doctrine, if applicable, can be ignored upon the ground that the proof shows conclusively that the explosion came from a non-negligible cause.

The authorities relative to the application of res ipsa loquitur to boiler explosions are collected in 20 R. C. L. 192; 113 Am. St. 1015; Ann. Cas. 1912A, 976; 15 L.R.A. 38; L.R.A. 1917E, 186. We have held that doctrine applicable where cars ran down a grade and collided with a tender, Olson v. Great North. Ry. Co. 68 Minn. 155, 71 N. W. 5; where an awning fell, Waller v. Ross, 100 Minn. 7, 110 N. W. 252, 12 L.R.A.(N.S.) 721, 117 Am. St. 661, 10 Ann. Cas. 715; where the air hose on a moving train burst, Rose v. Minneapolis, St. P. & Sault Ste. M. Ry. Co. 121 Minn. 363, 141 N. W. 487, Ann. Cas. 1914D, 92; where the drawbar of a car pulled out, Wiles v. Great Northern Ry. Co. 125 Minn. 348, 147 N. W. 427; where a leak of gas from underground mains did damage, Gould v. Winona Gas Co. 100 Minn. 258, 111 N. W. 254, 10 L.R.A.(N.S.) 889; where burns were caused by the taking of an X-ray, Jones v. Tri-State Tel. & Tel. Co. 118 Minn. 217, 136 N. W. 741, 40 L.R.A.(N.S.) 485; Holt v. Ten Broeck, 134 Minn. 458, 159 N. W. 1073, Ann. Cas. 1918E, 256; and where there was a breaking of a dam, Barnard v. City of Fergus Falls, 115 Minn. 506, 132 N. W. 998; City Water Power Co. v. City of Fergus Falls, 113 Minn. 33, 128 N. W. 817, 32 L.R.A.(N.S.) 59, Ann. Cas. 1912A, 108.

The defendant laundry company owned the boiler and had exclusive charge of its management and operation. Boilers sometimes explode. Comparing the number of explosions with the extent of the use of

boilers, explosions are not frequent. If they are kept in proper condition and repair, and if they are operated properly, explosions are unusual. Whether the res ipsa doctrine, which permits an inference of negligence from the fact of an explosion, should apply is largely a question of how justice in such cases is most practically and fairly administered. There is nothing legally illogical in permitting the inference to be drawn. Usually the party injured is without information upon which he may with certainty allege the exact cause, and is without direct proof. Perhaps the exact cause is incapable of ascertainment. The actual proof, if any, is with the party having the management of the instrumentality. These are practical considerations. We think the jury should have been permitted to draw an inference of negligence of the laundry company from the occurrence of the explosion. Though the holding may put us with the minority, we are content with it.

It is not necessary to discuss particularly the effect as proof of the application of the res ipsa maxim. Our holdings are not that it puts the ultimate risk of nonpersuasion upon the defendant. While an occasional expression may be found indicating such view, our holdings are that the application of the rule does not shift the ultimate burden of negativing negligence before the jury upon the defendant, but, in the ordinary case, and without saying that a particular case may not compel the direction of a verdict one way or the other, permits the jury to draw an inference of negligence from the result. Keithley v. Hettinger, 133 Minn. 36, 157 N. W. 897, Ann. Cas. 1918D, 376; Holt v. Ten Broeck, 134 Minn. 458, 159 N. W. 1073, Ann. Cas. 1918E, 256. In both of these cases reference is made to Sweeney v. Erving, 228 U. S. 233, 240, 33 Sup. Ct. 416, 57 L. ed. 815, Ann. Cas. 1914D, 905, where Justice Pitney says that the meaning of res ipsa loquitur is "that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the

defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff."

It may be noted that in some cases involving bailments we have held advisedly, and largely induced by practical considerations, that in the event of loss or destruction the burden is upon the bailee of showing to the jury freedom from negligence. Steenson v. Flour City F. & T. Co. 144 Minn. 375, 175 N. W. 681, and cases cited. The relation of the res ipsa doctrine to the burden of proof is considered in the notes in 16 L.R.A.(N.S.) 527; L.R.A. 1916A, 930.

2. The defendant urges that, since the complaint alleges specific acts of negligence, the plaintiff cannot recover by the application of res ipsa loquitur. There are cases so holding. We do not follow them.

The complaint alleges specific acts of negligence. It alleges also that at the time of the explosion the laundry company was in the exclusive possession, control and management of the boiler and that it so negligently operated, managed and controlled it that it exploded and partially wrecked the building; and it alleges generally and specifically that the boiler was defective and unfit for use. The pleading of negligence in general terms was sufficient within the rule stated in City Water Power Co. v. City of Fergus Falls, 113 Minn. 33, 128 N. W. 817, 32 L.R.A.(N.S.) 59, Ann. Cas. 1912A, 108, to permit reliance upon the res ipsa doctrine. The ultimate fact of negligence is alleged. By the weight of authority the plaintiff is not denied the application of the res ipsa rule, though he alleges specific acts of negligence, and fails of proof, if he alleges negligence in general terms in the operation, maintenance and care of the instrumentality under the exclusive control and management of the defendant doing the mischief. Cleary v. Cavanaugh, 219 Mass. 281, 106 N. E. 998; James v. Boston Elev. Ry. Co. 204 Mass. 158, 90 N. E. 513; Cassady v. Old Colony St. Ry. Co. 184 Mass. 156, 68 N. E. 10, 63 L.R.A. 285; Walters v. Seattle R. & S. Ry. Co. 48 Wash. 233, 93 Pac. 419, 24 L.R.A.(N.S.) 788; Kluska v. Yoemans, 54 Wash. 465, 103 Pac. 819, 132 Am. St. 1121; Biddle v. Riley, 118 Ark. 206, 176 S. W. 134, L.R.A. 1915F, 922; Dearden v. San Pedro, L. A. & S. L. R. Co. 33 Utah, 147, 93 Pac. 271; Wash-

ington-Virginia Ry. Co. v. Bouknight, 113 Va. 696, 75 S. E. 1032, Ann. Cas. 1913E, 546; Louisville & S. I. T. Co. v. Worrell, 44 Ind. App. 480, 86 N. E. 78; Roberts v. Sierra Ry. Co. 14 Cal. App. 180, 111 Pac. 519, 527. The cases are not in harmony. Variation of language in the statement of the rule is sometimes confusing, and the engrafting of distinctions upon one rule or the other does not always induce clearness. The cases are collated and discussed in 24 L.R.A.(N.S.) 788, and L.R.A. 1915F, 992. The weight of authority accords with our holding that the complaint permits the application of the res ipsa doctrine and our holding is in consonance with our expressed view that a pleading is a means to an end and that end the trial on all the merits.

3. There is a claim of negligence because of the failure of the laundry company to have a fusible plug in the crown sheet. The court refused to submit such failure as a ground of negligence. It may be conceded, without holding, that the requirement of G. S. 1913, § 4748, as amended, applies to a boiler insured and certified as this one was, and required a fusible plug. We have not gone through the statute. In any event there was no causal connection between the absence of the prescribed plug and the explosion. It is conceded that the water covered the plug by so much as 16 inches. The absence of the kind of a plug specified by the statute had no causal connection with the explosion.

4. The defendant casualty company did not have charge of the operation of the boiler. Charge of operation is an essential to the application of the res ipsa doctrine. Lehman v. Dwyer P. & H. Co. 104 Minn. 190, 116 N. W. 352; McGillivray v. Great North. Ry. Co. 138 Minn. 278, 164 N. W. 922. It inspected the boiler and insured the laundry company. It passed the boiler as fit to carry a load of 110 pounds. It did not accord to it a higher resisting power. It is found by the jury that when the explosion occurred it was carrying a greater load. Apparently it was carrying a much greater pressure. The res ipsa loquitur rule did not apply to the casualty company. Whatever ground of action, if any, the plaintiff had against the casualty com-

pany, and we do not stop to question or discuss it, no error inheres in the verdict in favor of the company. The casualty company has an insurance contract with the laundry company. What the rights of the parties to it are if the laundry company is compelled to pay damages because of the explosion, is not of present interest.

Counsel for the plaintiff urges other errors in the charge. We have examined them and find none calling for comment. The charge was fair throughout. The suggestion of counsel that there was unfairness to the plaintiff is quite groundless and is unjust. The charge was fair and thorough without a suggestion of favoritism.

The order denying the plaintiff's motion for a new trial is affirmed as to the casualty company and reversed as to the laundry company.