# B. F. RYAN v. ST. PAUL UNION DEPOT COMPANY.[1]

July 23, 1926.

No. 25,330.

**Res ipsa loquitur rule applied to accident caused by defective automatic elevator.**

1. The doctrine of res ipsa loquitur applies in a proper case to the master and servant relation and to such relation under the state railway liability act. The rule when applicable may permit though it does not require an inference of negligence from the happening of an accident, and it must be considered in connection with surrounding circumstances. The doors of an automatic elevator, furnished by the defendant for the use of the plaintiff, under its control and not his, when operating properly would not open at a floor unless the car was there. On the occasion of the injury to the plaintiff the doors opened when the car was not at the floor and he stepped inside and fell to the bottom of the shaft. *Held*, that the doctrine of res ipsa loquitur applied and that from the accident, in connection with attendant circumstances, the jury might find negligence.

**No error in submitting case without reference to interstate commerce or Federal act.**

2. There was no claim in the pleadings nor at the trial that the plaintiff was engaged in interstate commerce. In developing the case there was evidence tending to show that the plaintiff was so engaged. The court was not asked to declare that the plaintiff was engaged in interstate commerce nor to submit the question to the jury for a finding. There was no reference to the Federal act. The court gave a charge embodying the res ipsa rule to which there was no exception below nor assignment of errors here. It is *held* that there was no error in the charge or the submission of the case.

**Verdict for $8,500 not excessive.**

3. The damages awarded were not excessive.

Damages, 17 C. J. p. 1091 n. 85.

Master and Servant, 39 C. J. p. 975 n. 1; p. 977 n. 10; p. 980 n. 11; p. 981 n. 18, 19, 20, 22 New; p. 1222 n. 79 New.

[1]Reported in 210 N. W. 32.

See notes in 6 L. R. A. (N. S.) 337; 16 L. R. A. (N. S.) 214; L. R. A. 1917E, 4; 18 R. C. L. p. 628.

See note in L. R. A. 1915F, 30; 8 R. C. L. p. 274; 2 R. C. L. Supp. p. 638; 4 R. C. L. Supp. p. 567; 5 R. C. L. Supp. p. 480.

Action in the district court for Ramsey county to recover for personal injuries. The case was tried before R. D. O'Brien, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed. .

*Campbell & Burness*, for appellant.

*Eugene M. O'Neill*, for respondent.

DIBELL, J.

Action for personal injuries sustained by the plaintiff while in the employ of the defendant. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

1. The plaintiff was injured about 10:30 o'clock on the night of September 16, 1924, in defendant's depot in St. Paul, by falling into an elevator shaft while about his work of handling mail. The plaintiff in going from floor to floor used automatic freight elevators furnished by the defendant. They were not under his charge or control. He had nothing to do with their care or supervision. On the occasion of his injury he pressed a button in the usual way and the doors opened. If everything had been right the floor of the car would have been on a level with the floor on which he was standing; otherwise the doors would not have opened. He stepped through the door, the car was not there, and he fell to the bottom of the shaft and was injured.

The plaintiff invokes the doctrine of res ipsa loquitur. This doctrine is simply that an occurrence may be so out of the ordinary, one that would not have occurred but for fault or negligence, the precise cause perhaps hidden or at least mostly within the knowledge of the master, that the jury may infer as the cause of it negligence in the one furnishing and controlling the instrumentality which has

not worked right. The burden of proof of negligence is not shifted. It is still upon the plaintiff. The jury considers the propriety of drawing an inference of negligence and considers all the attending circumstances having probative effect upon the issue. In Sweeney v. Erving, 228 U. S. 233, 240, 33 Sup. Ct. 416, 418, 57 L. ed. 815, Ann. Cas. 1914D, 905, Mr. Justice Pitney said that by res ipsa loquitur is meant "that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff." This statement of the rule has been accepted as our guide. Keithley v. Hettinger, 133 Minn. 36, 157 N. W. 897, Ann Cas. 1918D, 376; Holt v. Ten Broeck, 134 Minn. 458, 159 N. W. 1073, Ann. Cas. 1918E, 256; Kleinman v. Banner Laundry Co. 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479. And in Sullivan v. M. St. Ry. Co. 161 Minn. 45, 55, 200 N. W. 922, 926, one of our latest cases, we said: "Such circumstances take the place of evidence to make a prima facie case to take the case to the jury, but such circumstances do not anticipate the verdict. It still remains for the jury to decide whether the preponderance is with the plaintiff even if no explanation is given in response to the call therefor. It does not convert defendant's general issue into an affirmative defense. It may, as a matter of law, be destroyed by defendant's evidence."

Our application of the rule has been liberal, and, unlike some courts, we have considered within its scope injuries arising in the master and servant relation and it applies in actions under the state railway liability act. The following cases may be noted: Waller v. Ross, 100 Minn. 7, 110 N. W. 252, 12 L. R. A. (N. S.) 721, 117 Am. St. 661, Ann. Cas. 715 (fall of awning); Gould v. Winona Gas

Co. 100 Minn. 258, 111 N. W. 254, 10 L. R. A. (N. S.) 889 (leak of gas from underground mains); Dahlen v. New York Life Ins. Co. 109 Minn. 337, 123 N. W. 926 (failure of safety device on elevator to work); City W. P. Co. v. City of Fergus Falls, 113 Minn. 33, 128 N. W. 817, Ann. Cas. 1912A, 108, 32 L. R. A. (N. S.) 59 (breaking of dam); Barnard v. City of Fergus Falls, 115 Minn. 506, 132 N. W. 998 (breaking of dam); Jones v. Tri-State Tel. & Tel. Co. 118 Minn. 217, 136 N. W. 741, 40 L. R. A. (N. S.) 485 (burns in taking X-ray); Rose v. M. St. P. & S. S. M. Ry. Co. 121 Minn. 363, 141 N. W. 487, Ann. Cas. 1914D, 92 (bursting of air hose on moving train); Wiles v. G. N. Ry. Co. 125 Minn. 348, 147 N. W. 427, reversed on another point in 240 U. S. 444, 36 Sup. Ct. 406, 60 L. ed. 732 (drawbar of car pulling out); Holt v. Ten Broeck, 134 Minn. 458, 159 N. W. 1073, Ann. Cas. 1918E, 256 (burns in taking X-ray); Manning v. C. G. W. R. Co. 135 Minn. 229, 160 N. W. 787 (train derailed at curve); Kleinman v. Banner Laundry Co. 150 Minn. 515, 186 N. W. 123, 23 A. L. R. 479 (explosion of steam boiler in laundry). And see note L. R. A. 1917E, 1-127.

After the accident it was found that a spring in one of the swing arms, of which there were two on each elevator, had broken, and the defendant ascribes the accident to the breaking. It claims that shortly prior a proper inspection was made, and no defect detected; and its final contention is that it used all reasonable care and that negligence is not shown.

It would be difficult and for present purposes it is unnecessary to describe the mechanism. The doors should not have opened, and so invited the plaintiff to enter, unless the floor of the car was even with the floor on which the plaintiff was standing. It may be noted that there is testimony of the defendant's building engineer, and one or more other employes, to the substantial effect that the breaking of the spring on one swinging arm, unless the spring on the corresponding arm broke, or there was something wrong with that arm, would not permit the doors to open if the elevator was not at the floor. There had been some trouble of a like kind with this and other elevators before.

The situation was such that the jury from the happening of the accident and attendant facts might find negligence.

2. The case was tried upon the theory that the state railway employers liability act was applicable. G. S. 1923, § 4934, et seq. This statute is based upon the classification of railway employes as such and applies though the employe is not engaged in the direct operation of trains. Seamer v. G. N. Ry. Co. 142 Minn. 376, 172 N. W. 765. In this respect, though similar in terms, it is broader than the Federal Employers Liability Act. 35 St. c. 149.

There is no claim in the pleadings of either party that the plaintiff was employed in interstate commerce and so within the Federal act. There was no suggestion at the trial that the Federal act was applicable, and no evidence was offered in proof of such fact. Not until after the trial was such claim made, and apparently not until the case came to this court. In the development of the case there was evidence that the plaintiff was engaged in carrying mail to the trains and in transferring mail from one train to another. It may be that the evidence supports the claim that the plaintiff was employed in interstate commerce. The trial court was not asked to declare it so as a matter of law or submit the evidence to the jury for a finding.

- The reason for urging the applicability of the Federal act is the supposed advantage to the defendant in the claimed nonapplicability of the res ipsa loquitur rule in the Federal courts to the master and servant relation and so to actions under the Employers Liability Act. The defendant relies upon New Orleans & N. E. R. Co. v. Harris, 247 U. S. 367, 38 Sup. Ct. 535, 62 L. ed. 1167, which hardly sustains the claim, for that case involved a state statute putting the burden of proving absence of negligence upon the railroad company upon showing that injury occurred in the course of employment; but it may be assumed that the cases cited therein held as claimed and that we take to be the general understanding, though under the Safety Appliance Act the res ipsa doctrine applies. M. & St. L. R. Co. v. Gotschall, 244 U. S. 66, 37 Sup. Ct. 598, 61 L. ed. 995.

The court charged:

"If the evidence introduced in this case by plaintiff proves that the door to the elevator opened as claimed by plaintiff when the elevator was not before the door in the usual and customary manner and plaintiff stepped into the elevator shaft and was injured, then an inference would arise that this condition was due to negligence of defendant, but if the evidence of the defendant shows that he did use ordinary care, that the evidence on the part of defendant did overcome this inference, in other words, taking into consideration all the evidence in this case, unless the greater weight of the evidence shows that the defendant was negligent, you will have to find it was not negligent. If you find defendant was not negligent, that would end the case and your verdict will be for the defendant."

No objection was made to the instruction. No error is assigned upon it now. It is the only portion of the charge referring to the res ipsa rule. It is not quite accurate where it says "an inference would arise." Under the conditions assumed it was for the jury to infer or not infer negligence. But no complaint is made of the inaccuracy. Whether such an instruction would be prejudicially erroneous under the Federal act, with facts such as are presented by the evidence, we do not discuss. It is not entirely clear that it would. See Southern Ry. Car. Div. v. Bennett, 233 U. S. 80, 34 Sup. Ct. 566, 58 L. ed. 860.

We should not hold, contrary to the theory upon which the case was tried, that the plaintiff was engaged in interstate commerce and that the Federal act applies, nor should we hold that the instruction embodying the res ipsa rule was erroneous.

3. The plaintiff was 59 years of age. He was strong and healthy. He was earning $100 per month. One arm was fractured. The use of it is considerably limited. His leg was injured and there is evidence that phlebitis developed. He was in bed for six months. His pain and suffering were considerable. The injury to his arm is permanent. There is evidence that the condition of the leg is permanent, and that he will be able to do only a limited amount of manual labor. The verdict was for $8,500. We cannot hold it excessive. The evidence did not require the jury to find that the

plaintiff was negligent so as to make applicable the comparative negligence rule.

We do not find that other points mentioned need discussion. Many requests to instruct, some 35 or 40, were presented, not timely under the rule, and besides the general charge covered the case.

Order affirmed.

Mr. Justice Stone took no part.