# THE MEMPHIS POWER & LIGHT COMPANY v. A. L. DUMAS.

Western Section. January 10, 1930.

Petition for Certoirari denied by Supreme Court, May 30, 1930.

John W. Harris, Jr., and Miles, Waring & Walker, all of Memphis, for plaintiff in error.

W. C. Rodgers, of Memphis, for defendant in error.

OWEN, J. The Memphis Power & Light Company, hereinafter called defendant, has appealed from a judgment rendered against it in favor of A. L. Dumas, hereinafter called plaintiff. The suit was for the negligent killing of three mules, and serious injury to another mule belonging to the plaintiff, caused by the falling of an electric wire which struck the four mules on January 18, 1927, in Shelby County, Tennessee. There was a verdict for $1250. Upon motion for a new trial, seasonably filed, a remittitur of $250 was suggested. This was accepted under protest. The defendant had signed a proper bill

of exceptions, perfected his appeal, and has assigned five errors in this court.

There was a motion for a directed verdict at the conclusion of all the evidence, which was overruled, and this is made the basis of assignment No. 1.

The other four assignments are based upon the charge of the court. These four assignments raise the following propositions: (1) The court erred in not stating the grounds of negligence relied upon by the plaintiff in his declaration; (2) that the court inferred by his charge that the defendant was charged with the same duty in handling an electric wire across its own private right-of-way as it would be charged if it were adjacent to a highway; (3) that the court erred in charging that the doctrine of res ipsa loquitur was applicable when the plaintiff had not relied upon said doctrine.

There was but one count in the declaration.

The principal allegations contained in the declaration are as follows: That on or about January 18, 1927, the defendant carelessly and negligently killed or brought about the death and destruction of four very valuable mules belonging to this plaintiff about two or three hundred yards north of Poplar Pike, in Shelby County, just opposite the subdivision commonly known as Chickasaw Gardens, by reason of the fact that defendant had constructed a high-powered electric wire from Memphis to points east of the city and kept or had at that time said wires carrying or charged with very high voltage or electric current, while defendant, its agents, servants or employees, had negligently and carelessly erected said wires in such a manner that they were too tightly strung or taut, or that said wire was so defective and poor in quality, or that same was overloaded, and thus caused to give way or break and fall on plaintiff's mules while said wire or power cable was heavily charged with high voltage of electric current, killing and injuring beyond practical use four very fine mules for this plaintiff, and also causing plaintiff to lose the use of same for a period of ten days, which was reasonably worth $5 per day per mule.

The defendant insists that the plaintiff failed to prove the specific acts of negligence alleged in his declaration or any of the specific acts. The plaintiff is a contractor; he was working with his mules where he had a right to be, at the time of the accident. The defendant maintains a power line from the City of Memphis, extending east. Three witnesses testify for the plaintiff who saw the mules while they were hitched to a scraper suddenly fall; that a wire had been broken; that a blaze came out of the ground and that the earth for some distance around became charged with electricity.

The defendant had erected its power line at the place of the accident about twelve months before the accident occurred. It had attempted

to clear its right-of-way of brush and trees, and poles had been erected along this right-of-way on which were strung four wires in the line. The wires were 29 1/2 feet from the ground and twenty-nine inches apart. The second wire from the south was the one that was broken. The plaintiff could not explain what caused the wire to break, he stated, unless it was stretched too tight or was of faulty material. The defendant's general foreman, who visited the place where the accident occurred, shortly thereafter, testified that he found a tree lying under the line—an elm tree twelve or fifteen inches in diameter had been cut; that this tree stood about twenty-five feet south of defendant's power lines, and was about thirty-five or forty feet in height. The plaintiff testified that the tree which was cut and fell towards the lines had been topped probably a year before it was cut; that it couldn't reach the lines, and, furthermore, the second wire could not have been broken without breaking the first wire to the south. The plaintiff testified that he stepped the distance from the stump of the tree to the power line. Another witness, O. A. Lewellyn, who was a subcontractor, doing certain work for the defendant, testified that the tree and wire fell about the same time, but he did not see the tree strike the wire. As to who cut the tree, the record is silent; neither plaintiff nor defendant seem to know who cut the tree that fell at the time the wire broke.

The defendant's theory is that a limb from this tree fell across the south wire, made it come in contact with the second wire or the third wire from the north and the second on the south, and that this caused a short circuit and the second wire burned in two, or that a limb from the tree might have fallen on the second wire and caused a short circuit. The defendant's explanation is founded on conjecture, as is the plaintiff's explanation as to what caused the wire to break.

The defendant's theory in regard to the tree is met with the plaintiff's testimony that he examined the scene of the accident and the tree would not reach the wires.

Under the pleadings and the facts, is this a case in which the doctrine of res ipsa loquitur applies?

Counsel for defendant relies upon Nashville Interurban Railway et al. v. Gregory, 137 Tenn., 422 and DeGlopper v. Railway & Light Co., 126 Tenn., 633. It is insisted here that there is no evidence of any negligence of the defendant; that the plaintiff has no allegation of general negligence. We are of opinion that the declaration sufficiently charges general negligence. The proof shows that the defendant's wires were charged and carried very high voltage or electric current. The declaration alleges that the defendant carelessly and negligently killed or brought about the death and destruction of four very valuable mules belonging to the plaintiff, about two or three hundred yards north of the Poplar Pike in Shelby County; the declaration alleges that the defendant had constructed a high-powered

electric line from Memphis to points ,east of the city and kept or had at that time said wires carrying or charged with very high voltage or electric current. These allegations were proven. The declaration further stated that the defendant, its agents and servants and employees had negligently and carelessly erected said wires in such manner that they were too tightly strung, or taut, or that said wire was so defective and poor in quality or that same was overloaded and thus caused to give away or break and fall upon plaintiff's mules.

In the case of Turnpike Co. v. Yates, 108 Tenn., 428, which was an action brought for personal injuries resulting from a pole at one of defendant's gates falling upon the plaintiff. There was a verdict in favor of the plaintiff. A motion was made in arrest of judgment. Our Supreme Court, in passing upon this motion and declaration, said: . . . "The substance of the motion was that the declaration sets out no facts showing negligence on the part of the defendant, and is wholly insufficient in law to warrant a recovery. . . .

. . . . . . .

"It was assigned on the motion in arrest that the declaration fails to specify any fact or facts upon which a charge of negligence can be based, or in what way defendant's gates were improperly or negligently constructed, maintained or operated, . . . it was not necessary for the plaintiff to point out the particular defects in the toll gate that caused it to fall, or to show wherein the company's servant was negligent in its management. It was sufficient to allege that the pole was permitted to fall on plaintiff's head as she was in the act of passing thereunder. The very fact that the pole fell was prima-facie evidence of negligence. Res ipsa loquitur. A presumption of negligence would at once arise. . . . In Young v. Bransford, 12 Lea, 237, which was an action to recover damages for the death of plaintiff's intestate, caused by the explosion of a steam boiler, the court, in considering the question, said: 'The reason of the rule is that the proof which establishes the injury, shows also circumstances from which some negligence or want of care may be attached to the wrongdoer,' citing Curtis v. R. R., 18 N. Y., 543, and Holbrook v. Railroad, 12 N. Y., 236.

"In the case now being decided, we are of opinion a stronger rule applies than that laid down in Young v. Bransford. It is not only competent for the jury to infer negligence as a proposition of fact from the proof that the pole was permitted to fall on a traveler, as she was in the act of passing through the toll-gate, but such proof raises a presumption of negligence against the company and shifts the burden of proof upon it to show that it was guilty of no negligence. In this view the declaration clearly stated a cause of action, and the motion in arrest of judgment was properly overruled."

In the case of Nashville Interurban Railway Co. v. Gregory, supra, the plaintiff alleged specific acts of negligence. A telephone wire was

broken and fell across a trolley wire, underneath, thereby becoming highly charged and injuring a boy who came in contact therewith. The doctrine of res ipsa loquitur was applied, and in applying this doctrine Chief Justice Green, speaking for the court, said: "Although the declaration alleged specific acts of negligence, in the failure to provide guard wires or shields, it also charged negligence generally, in the failure of defendant company to take any precautions to prevent the telephone and trolley wires from coming into contact.

"This is not a case like East Tennessee Coal Co. v. Daniel, 100 Tenn., 65, 42 S. W., 1062, and Railway v. Lindamood, 111 Tenn., 457, 78 S. W., 99, in which a plaintiff is confined to his recovery on specific acts of negligence alleged. Neither of these cases were cases into which res ipsa loquitur entered.

"Where that maxim applies it is not necessary to point out specific acts of negligence in the pleadings. Turnpike v. Yates, 108 Tenn., 429, 67 S. W., 69. If specific acts are pleaded in such case, we think, under the practice in this State, such pleading is merely surplusage.

"Although there is a conflict in the authorities, many well-considered decisions hold that where res ipsa loquitur is applicable a plaintiff does not lose the benefit of that presumption by alleging specific acts of negligence which he fails to prove. Wash. Va. Ry. v. Bouknight, 113 Va., 696, 75 S. E., 1032, Ann. Cas. 1913E, 546; McNamara v. Boston, etc., R. Co., 202 Mass., 497, 89 N. E., 131; Walters v. Seattle, etc., R. Co., 48 Wash., 233, 93 Pac. 419, 24 L. R. A. (N. S.), 793.

"There is quite an extensive note on this subject in 24 L. R. A. (N. S.), 793, where numerous cases are collected."

We quote from the case of Walters v. Seattle, supra, which is similar to the instant case, as follows:

"The rule is that whatever cannot be stricken out without getting rid of a part essential to a cause of action must be retained and of course proved, even if it be described with unnecessary particularity. The particular case of the accident was not, therefore, of the substance of the issue." In many cases, doubtless it is desirable to plead and prove the exact cause of an accident in order that the question of the defendant's negligence may be put beyond the peradventure of a doubt, and thus insure a recovery where otherwise recovery might be doubtful if the presumption alone were relied upon. Such is, perhaps, the purpose of the plaintiff in this cause, but the plaintiff is not to be deprived of the case, his pleadings and proof made, merely because he alleged a stronger case than he was able to prove."

In the DeGlopper case, supra, Mr. Justice Lansden, in delivering the opinion of the court, said: "Where the act which caused the injury was shown by direct evidence and all the circumstances of the case were proven, and the only reasonable explanation of the accident

given rises to an inference of negligence, the rule of res ipsa loquitur applies; but such rule or maxim does not apply where both the act which caused the injury and the negligence of the defendant in relation to the act must be inferred from the action itself."

In the DeGlopper case the plaintiff received an injury to his eye. Said the court: "The fact that the substance which struck plaintiff in the eye came from under the car is a fact which may be reasonably drawn from the whole circumstances of the accident by a fair inference from the situation of the parties at the time. It is not directly proven and it is arrived at by inference only. There is no direct, open and feasible connection between this inferred fact and the rapid turning of the wheels of the car in the same place. Whatever of connection there may be between the turning of the wheels and the striking of plaintiff, arises only upon inference, and in order to make this connection between the operation of the car and the injury of the plaintiff, it must be inferred that the substance which struck plaintiff came from under the car, and from that fact it must be further inferred that it was thrown from under the car by the rapidly turning wheels and there must be superadded to these two inferences the further inference that the motorman was negligent in the operation of the car at the time, or that the wheels of the car were defective, or that the track was defective at the place of the accident. If the act which caused the injury was shown by direct evidence and all the circumstances of the accident were shown in the proof, and if the only reasonable explanation of the accident should give rise to an inference of negligence, then the rule of res ipsa loquitur would apply."

The facts in the DeGlopper case are not similar to the facts in the instant case. Judge Lansden's reason for not applying the rule of res ipsa loquitur is distinguished from the instant case. In the instant case there is direct and positive testimony that a blaze of electricity came out of the falling wire and killed the mules. The jury was not satisfied with the defendant's explanation. Furthermore, if the defendant undertook to top the tree, that was later cut, it left the tree near enough to its wires to be cut and thrown on the wires, if the defendant's theory is right in regard to the fallen tree. The plaintiff disputes the theory or fact that the tree fell on the wire.

We do not think the plaintiff was obliged to prove the specific acts of negligence alleged in his declaration. The specific acts could have been stricken out and it would have left a good declaration as to general negligence.

It results that all of the assignments of error are overruled. There is no error in the charge of the court; the declaration states a good cause of action and it was not necessary for plaintiff to prove any of the specific acts of negligence alleged.

The judgment of the lower court is affirmed. Plaintiff will recover of the defendant the amount of the judgment rendered in the lower court, with interest thereon from the date of its rendition and all of the cost of the cause, for which execution will issue. Execution will issue against the defendant and his surety on appeal bond for the cost of the appeal.

Heiskell and Senter, JJ., concur.