AMELIA B. FALL *vs.* WILLIAM J. MOORE. (1st Case.)

March 17, 1891.

**Landlord and Tenant—Holding Over—Tenancy from Year to Year.**
Where a landlord notified his tenant, whose term was about expiring, that it would not be extended or the lease renewed on the conditions of the existing lease, and a subsequent holding over is referable to a contemplated new lease, or pending negotiations therefor, which are not consummated, and in the mean time rent at a different rate is paid for each month, such continued occupation or holding over will not be held to be under a lease from year to year, but at will.

**Same—Effect of Receipt of Rent—Power of Husband to Bind Wife.**
A husband, as agent for his wife, cannot bind her real estate by a lease thereof in her behalf, and a receipt by the wife of a month's rent at the rate fixed in such lease will not, in the absence of other evidence, be sufficient to establish a lease by her for a year, or a term longer than that for which the rent is understood to have been paid, leaving the tenancy one at will.

**Same—Findings—Evidence.—**Evidence in this case *held* insufficient to sustain the findings of fact.

Action by landlord against tenant, brought in a justice's court in Hennepin county, for restitution of demised premises after termination of tenancy. The plaintiff had judgment, and the defendant appealed, on questions of law and fact, to the district court for Hennepin county, where the action was tried before *Rea,* J., and judgment ordered and entered for defendant, from which the plaintiff appealed.

*White & Evans,* for appellant.

*James A. Kellogg,* for respondent.

VANDERBURGH, J.[1]   The defendant occupied the premises in question under a written lease for two years, which expired by its terms May 31, 1889, at a rental, payable monthly, of $125. He remained in possession for the months of June and July, 1889, and paid rent therefor in advance at $130 per month, which plaintiff accepted and

[1] Mitchell and Collins, JJ., took no part in this decision.

received as rent; and, on the first day of August, 1889, defendant tendered.to plaintiff the sum of $130 as, rent for.that month, which was refused. The plaintiff's contention is that on the expiration of the first lease the defendant remained in possession as a tenant at will, and, after one month's notice to quit, which the complaint alleges was served on June 29, 1889, she was entitled to recover the possession. The court finds that at the expiration of the former lease the plaintiff .made a lease.to the defendant of. the premises for the further term of one year, at $130 per month. The matter of the leasing, control, and management of the premises, and the collection of rents, was intrusted by the plaintiff to her husband as agent, and whatever he did was done by her authority; but, by reason of the legal limitation of such authority growing out of the marital relation, she could not authorize him to lease her property, because no power of attorney or other authority from a wife to her husband to convey real estate or any interest therein is of any force. *Sanford* v. *Johnson*, 24 Minn. 172. As the plaintiff had nothing to do with the making of the new lease, and is not shown to have had notice of it, her receipt of the two months' rent actually paid will not be held to be a recognition and adoption of the terms of the lease so as to make it her own. She could not ratify by a mere acceptance of the rent what she could not authorize, and she could not be considered as accepting the defendant as her tenant for the term of one year unless the transaction was such as to warrant such presumption. The rent was paid by check for each month running to the plaintiff, and reciting on its face that it was for rent for the month of June and the month of July. In the absence of any evidence of notice to her that it was paid as part of the rent for the new term of one year, or of other facts to put her upon inquiry, which are not disclosed by the evidence, it will not be implied that she consented to anything more than appears upon the face of the check. And the case in plaintiff's favor is made stronger from the fact that it appears by undisputed evidence that plaintiff tendered defendant a lease signed by her for a further term, which he refused to accept, and there is not the slightest evidence that she had any actual knowledge of the alleged lease made between defendant and her husband. It was for the defendant to see to it that he leased

the premises of the plaintiff, being a married woman. Neither, upon the record, can the defendant be held to occupy the position of a tenant from year to year, holding over under the old lease. The decision in the case is predicated entirely upon the fact, as found, that a *new* lease was made, and the defendant swears that it was the new agreement he relied on in paying his rent by the checks referred to. His defence, as disclosed by the evidence, is predicated solely upon the void lease. He does not claim a tenancy from year to year growing out of the old relation, and there is no such finding; and under the evidence in the case, and in view of his refusal to accept a new lease of her, the receipt of the checks by her, which were for a different monthly rental than expressed in the old lease, did not alone imply an acknowledgment of a tenancy continued under the terms of the old lease, but only from month to month, subject to the right of defendant to his notice to quit. *Blumenberg* v. *Myres*, 32 Cal. 93. The most material finding of fact in the case is not sustained by the evidence, and there must therefore be a new trial.

Judgment reversed.