## FRANK A. RINKEL v. LEE'S PLUMBING & HEATING COMPANY.

99 N. W. (2d) 779.

December 4, 1959—No. 37,781.

*Harry H. Peterson* and *Mahoney & Mahoney,* for appellant.

*H. O. Chommie,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court for plaintiff.

This action arose out of the removal of a washbowl and the installation of a new one by defendant, Lee's Plumbing & Heating Company, at the request of plaintiff, Frank A. Rinkel. The washbowl was installed on April 29, 1955, in a bathroom on the second floor of the Rinkel residence. On December 4, 1955, Rinkel and his wife left for an extended vacation and requested an employee, Arnold Kelley, to check the house periodically while they were away. Kelley testified that he checked the house every 2 or 3 days and that on December 18, upon opening the front door, he heard water dripping and running throughout the kitchen and basement. He then turned off the main water valve in the basement. The following day he returned with a fellow employee and they discovered one of the pipes connected to the faucet of the washbowl had become separated from it.

The action arising out of the foregoing water damage was tried to the court without a jury. The court found, among other things, that the employee of defendant failed to exercise due care in installing the washbowl and in connecting it with the water system of the house

and that plaintiff's home and furnishings were damaged to the extent of $8,287.35. Judgment was ordered accordingly. The court's memorandum indicates that in making its findings it relied upon the applicability of the res ipsa loquitur doctrine.

We regard the issues presented by this appeal as follows: (1) Is the doctrine of res ipsa loquitur applicable in this case so as to permit an inference of negligence on the part of the employee of defendant? (2) May damages be allowed for the diminution in value measured by the value of the house before the damage less the value of the house after repairs were made in addition to the cost of those repairs? (3) Is plaintiff the proper party in interest to bring this action pursuant to Rule 17.01, Rules of Civil Procedure?

■ Defendant contends that the rule of res ipsa loquitur is not applicable and thereby no inference of negligence on the part of defendant can be drawn from the fact that the pipe had separated. He bases this contention on the fact that defendant did not have exclusive control of the pipe for a period of over 7½ months and that the doctrine is not applicable unless the defendant has the exclusive control of the instrumentality which caused the injury.

Generally the prerequisites to the application of the doctrine of res ipsa loquitur are: (a) That the accident is of a kind which ordinarily does not occur in the absence of someone's negligence; (b) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (c) it must not have been due to any voluntary act or contribution on the part of plaintiff. Prosser, Torts (2 ed.) § 42.

The prerequisite of exclusive control has been discussed at great length by many jurisdictions. 38 Am. Jur., Negligence, § 300; see, 13 Dunnell, Dig. (3 ed.) § 7044(2). Our court has provided exceptions. In Peterson v. Minnesota Power & Light Co. 207 Minn. 387, 291 N. W. 705, this court held that the requisite exclusive control did not necessarily have to be that exercised at the time of injury but rather that which was exercised at the time of the negligence. In cases dealing with the explosion of bottles containing carbonated beverages, this court held that the doctrine did apply if the plaintiff proved that the condition of the bottle had not been changed after it left the de-

fendant's possession; that the plaintiff had handled the bottle carefully; and that he was not responsible for the accident. Johnson v. Coca Cola Bottling Co. 235 Minn. 471, 51 N. W. (2d) 573.

The prerequisite of exclusive control seems to be based on the reason that it precludes an inference of negligence on the part of the defendant where the injury could have, with equal probability, been due to the negligent conduct of the plaintiff or third parties. Obviously a strict adherence to that rule prevents a defendant from being held liable under such circumstances. It would also preclude recovery in those cases where the defendant had relinquished physical control of the instrumentality but it is such that it could not have been subject to misuse or interference by the plaintiff or third parties.

In Saunders v. Walker, 229 La. 426, 86 So. (2d) 89, the rule was held properly applicable to a fact situation similar to the instant case. An air-conditioning unit had been installed in an attic. Copper tubing carrying water for the unit was cut and spliced with a flexible rubber hose connection. The rubber hose came loose from the tubing and consequently released water which caused damage to the house. The court held that an inference of negligence on the part of defendant can be drawn even though the defendant does not have exclusive control and possession of the offending article where the plaintiff had proved freedom of fault on the part of those through whose hands the instrumentality passed after it left the defendant. The supreme court agreed with the trial court that plaintiff had sustained this burden of proof in that, although persons from time to time had gone into the attic, (229 La. 435, 86 So. [2d] 93) "nevertheless, this connection was installed out of normal reach, was not easily accessible, and, in fact, would not even be in the view of one walking about in the attic."

In the instant case it appears that the bathroom in which the washbowl had been installed was a second bathroom and served the second floor. It also appears that it had seldom been used from the time the bowl was installed. It had not been used roughly or in any manner other than that for which it was intended.

We are of the opinion that where a defendant does not have exclusive control of an instrumentality which causes injury, and the plain-

18

tiff reasonably eliminates other causes than the defendant's negligence, exclusive control in the defendant is not necessarily a prerequisite to the application of res ipsa loquitur. See, Prosser, Torts (2 ed.) § 42. The doctrine itself is essentially one of evidence rather than of tort law. "Whether it should apply is 'largely a question of how justice in such cases is most practically and fairly administered.' " Peterson v. Minnesota Power & Light Co. 207 Minn. 387, 391, 291 N. W. 705, 707.

■ Defendant contends that plaintiff has failed to adequately exclude the possibility of causes other than the former's negligence. These were enumerated in the trial court's memorandum as follows: The separation of the pipes could have been caused by freezing; by a forceful contact with the washbowl or the water pipe from underneath by someone other than the defendant; or by defective soldering of the joint by the manufacturer.

With respect to freezing we think the record clearly reveals a preponderance of evidence that the temperature in the house during plaintiff's absence was well above freezing. Kelley testified that the thermostat in the house had been set at 58 degrees; that he periodically checked the fuel for the heating system, which was ample; that the house was warm when he entered on December 18; and that the heating unit was operating at that time. Furthermore, one of the heating ducts was very close to the pipe which supplied the water to the washbowl.

With reference to separation by a forceful contact with the bowl or water pipe, the record indicates that the bathroom in which the washbowl was installed was not the principal bathroom of the home but was situated on the second floor and was seldom used during the period between the time of installation and the time of the accident. It was last used, prior to the separation, when the plaintiff's son and grandson stayed in the house over the hunting season, during the month of October 1955. According to the testimony of plaintiff, the bathroom was never subject to any "roughhouse or any damage" and there was never any indication of leakage in any of the pipes after the April installation and prior to his departure in December 1955.

As to the matter of defective soldering by the manufacturer, the defendant states in his brief that there is no evidence to sustain such a finding. We agree, and in view of the fact that defendant's employee inspected the pipe before installation and it appeared proper, we believe the record excludes inadequate soldering as a probable cause of the pipe separation. We are of the opinion that the mere presence or possibility of other causes is not sufficient to preclude the inference of negligence on the part of defendant where the evidence reasonably excludes those causes.

Defendant further contends that if any inference of negligence may be drawn from the circumstances such inference has been entirely rebutted by the employee of defendant who testified in substance that he installed the washbowl carefully and that he tested the connection and it did not leak. Clearly, application of the doctrine of res ipsa loquitur only gives rise to a rebuttable inference of negligence. Larsen v. N. P. Ry. Co. 175 Minn. 1, 220 N. W. 159.

We are also cognizant of the rule that the positive and unimpeached testimony could not be disregarded unless its improbability or inconsistency reasonably appears from the facts and circumstances disclosed by the record in the case. Peterson v. Truelson, 249 Minn. 530, 83 N. W. (2d) 236; Cormican v. Anchor Cas. Co. 249 Minn. 196, 81 N. W. (2d) 782. However, the circumstances apparent from the record here furnish a reasonable ground for disregarding the testimony of the employee who installed the pipe. Defendant, a master plumber, testified that if properly installed the connection should have lasted for at least 9 years; that if properly installed it would not come apart due to a bump short of a hammer blow; also that if the pipe were installed with too much tension on the connection this could result in the detachment of the pipe over a slow and gradual process which could last for months. Also the defendant's employee testified that these connections sometimes fail. We do not view the testimony of the employee, in the light of the record as a whole, as rebutting the inference of negligence.

■ With reference to the issue of damages, the court ordered judgment in the amount of $5,645.27 for the damage to the house in

addition to deterioration in value of the carpeting, drapes, and other furnishings. This sum included $3,895.27, which plaintiff expended for repairs to the home.

Plaintiff and another witness testified that, even considering the repairs which had been made, the value of the home was reduced by $5,000 and $2,500, respectively. Defendant contends that the proper measure of damages was either the difference between the market value before and market value after, or the cost of restoration, but not both.

Ordinarily the measure of damages for injuries to property of this character which is not totally destroyed is the difference in value before and after, or the cost of restoration, whichever is the lower amount. 5 Dunnell, Dig. (3 ed.) § 2576a; 15 Am. Jur., Damages, §§ 111 to 113. However, we do not believe that under all circumstances this rule is exclusive. Rather it is our opinion that when the repairs have not fully restored the building the owner is entitled to the remaining diminution in value so long as the total damages awarded do not exceed the difference in the value before and after, or the cost of restoring the building to substantially its former condition, whichever is less. Gilbert v. Evens & Howard Fire Brick Co. 214 Mo. App. 207, 260 S. W. 790.

Following this rule, under the record, we do not regard the damages awarded for the house, i. e., $5,642.27, as excessive.

Defendant also contends that the plaintiff is not the proper party in interest to maintain the suit. In view of the loan agreement that existed between plaintiff and his insurer we believe that Blair v. Espeland, 231 Minn. 444, 43 N. W. (2d) 274, is controlling and that under the circumstances plaintiff is a proper party.

Affirmed.