LEON MARSHALL v. CO-OPERATIVE OIL
COMPANY OF OLMSTED COUNTY.

169 N. W. (2d) 395.

July 3, 1969—No. 41596.

*Nord, Webster & Brennan,* for appellant.
*Dingle, Krieger & Patterson,* for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

This is a case involving an explosion-fire claimed to have been caused by the ignition of propane gas which percolated through the soil from a leak in an outside, underground supply line into a basement and there accumulated in a sufficient amount to ignite and cause a flash fire. Plaintiff, a painter by trade, suffered severe burns, and his recently purchased dwelling house, located in Rochester, was badly burned. Following a trial, a jury returned a special verdict awarding damages to plaintiff upon specific findings as to the cause of the fire and as to defendant's negligence in installing the gas service or in failing to make a reasonable inspection of the system following plaintiff's complaint shortly after installation that his fuel consumption appeared to be excessive. See, Wilson v. Home Gas Co. Inc. 267 Minn. 162, 125 N. W. (2d) 725.

In its post-trial motion and on this appeal, defendant challenges only the sufficiency of the evidence to support the jury's affirmative answers to the following specific questions submitted to them, which are commendably phrased in terms of specific factual claims:

(1) "Did the fire in the Marshall basement start with ignition of propane gas?"

(2) "If the answer to the above question is 'Yes,' did this gas come from a leak in the underground outdoor tubing and seep into the basement through a crack in the south wall of that basement?"

(3) "If the answer to the above question is 'Yes,' did the leak in the underground outdoor tubing occur because of some negligence of the defendant?"

As is not uncommon in this type of case because of the esoteric circumstances surrounding the explosion and resulting fire, the answers to questions (1) and (2) depended upon the persuasiveness the jury accorded to the conflicting opinion testimony of admittedly qualified expert witnesses, one presented by plaintiff and three presented by defendant. All of these experts made exhaustive postfire investigations. Although impeached to some extent on cross-examination, plaintiff's expert eliminated all causes of the flash fire except an accumulation of propane gas which had escaped from the outside supply line as claimed. Defendant's experts' testimony, while declaring that propane gas had no part in causing the fire, was essentially directed at arousing suspicion that something other than propane gas caused the fire. Defendant sought to demonstrate that plaintiff's theory was not only improbable but inconsistent with certain physical facts, namely, the failure of plaintiff or his wife to smell the claimed odorized gas, the

force of the explosion, and the absence of any discoloration of the grass indicating a leak in the outside supply line. In addition, defendant's experts' testimony suggested that the ignition of vapors from plaintiff's large supply of paint and volatile thinners was not only equally consistent with the physical facts upon which plaintiff's expert based his opinion, but was more likely the cause of the explosion and fire. Quite understandably, defendant vigorously argues here, as before the trial court, that plaintiff's theory is based on mere speculation and conjecture and that plaintiff has not sustained his burden of proof, thus entitling defendant to judgment notwithstanding the jury's findings as a matter of law.

In a memorandum accompanying his approval of the jury's findings, the trial judge detailed some of the factual evidence upon which he concluded that the jury could reasonably infer that the fire was caused by a propane gas explosion. We see no reason to set forth this evidence, for after a careful review of the record we are also persuaded that the evidence is sufficient to support the jury's findings.

To be sure, the evidence is wholly circumstantial, and it was incumbent upon plaintiff to do more than suggest the possibility that defendant's negligence caused the fire. See, Bloomquist v. William H. Ziegler Co. Inc. 270 Minn. 229, 133 N. W. (2d) 484. Where other causes are equally probable, there must be evidence which will permit the jury to discount or eliminate them. However, such evidence need not completely eliminate other causes. See, Rinkel v. Lee's Plumbing & Heating Co. 257 Minn. 14, 99 N. W. (2d) 779. All that is required to sustain a verdict for plaintiff is sufficient evidence to permit the jury to find that more likely than not a leak in the supply line which resulted from defendant's negligence was the source of the accumulation of gas and the cause of the explosion and ensuing fire. Erickson v. Strickler, 252 Minn. 351, 90 N. W. (2d) 232. See, Hoffman v. Naslund, 274 Minn. 521, 144 N. W. (2d) 580. Where, as here, a determination of the cause of the fire is not within the common knowledge of laymen, expert testimony may justifiably be relied upon by the jury and provide a sufficient evidentiary basis for the finding. Harris v. Wood, 214 Minn. 492, 8 N. W. (2d) 818. We are satisfied that the trial court was not duty bound to find that the evidence was, as a matter of law, conclusive against the findings of the jury.

Affirmed.