Jeanette **FLEMING,** Appellant,

v.

Dale **HALLUM,** d/b/a **Dale Hallum Insulation,** Respondent.

No. C6–84–13.

Court of Appeals of Minnesota.

June 19, 1984.

Chester D. Swenson, Albert Lea, for appellant.

Henry J. Savelkoul, Albert Lea, for respondent.

Heard, considered and decided by LANSING, P.J., and FOLEY and LESLIE, JJ.

## OPINION

LANSING, Judge

Appellant Jeanette Fleming appeals from the entry of judgment in favor of respondent Dale Hallum, d/b/a Dale Hallum Insulation. Fleming contracted with Hallum to perform roofing and painting work on her house after a severe hailstorm. Fleming claims that Hallum negligently applied paint and roofing materials causing the paint to peel and the roof to leak. The trial court found that Fleming did not show the cause of the leaking and peeling or show that Hallum was negligent. The court further found that the roofing materials and paint were properly applied. On appeal, Fleming maintains that the trial court erred in requiring proof of causation because the doctrine of res ipsa loquitur applies. Fleming also maintains that the trial court erred in finding that she had not presented evidence on the cost of repainting. We affirm.

## FACTS

Dale Hallum is an insulation contractor who also does some roofing and painting work. Hallum first performed work for Jeannette Fleming in 1979, when he insu-

lated the attic of her home and applied urethane foam roofing on a flat part of her roof. No problems resulted from this work.

In June of 1980, a hailstorm caused roof and paint damage to the house. Fleming discussed repair of the damage with Hallum and an insurance adjuster. She was told that urethane foam roofing cost approximately one-half as much as reshingling, it had insulation value which asphalt shingling did not, and it would not add weight to the roof. Hallum testified that the insurance company was not willing to pay the entire cost of reshingling.

Fleming decided to apply urethane foam to repair the roof. Hallum told her the foam would need recoating in two or three years.

The foam and aluminum-fiber coating were applied to the sloped roof in the summer of 1980. Fleming claimed that the roof leaked the following spring and that she called Hallum, who refused to correct it. Hallum claimed that he was not called about the roof until March of 1983. At that time he drove by and agreed that the sloped roof needed repair, but only because it had not been recoated as recommended.

Hallum also painted the house in the summer of 1980. Fleming stated that the paint was peeling in "eight by ten" inch sheets by the following summer. She claimed to have been told that the paint had been diluted with water before spraying, but did not state who told her. Hallum admitted the dilution, but only to the 10 percent solution recommended by the manufacturer. He admitted receiving a complaint concerning the paint job, although substantially later than the following summer. He refused to repaint and attributed the peeling to moisture seeping through the wall.

## ISSUES

1. Did the trial court err by failing to apply the doctrine of res ipsa loquitur?

2. Did the evidence sustain the trial court's finding that no negligence was shown on the part of Hallum?

## ANALYSIS

### I

■ Fleming argues that the trial court failed to apply the doctrine of res ipsa loquitur in assessing her evidence and that this was error. Under Minnesota law, the plaintiff must establish three conditions before a claim may be submitted on the theory of res ipsa loquitur:

(1) [sic] The event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (b) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (c) it must not have been due to any voluntary action or contribution on the part of the plaintiff.

*Warrick v. Giron*, 290 N.W.2d 166, 169 (Minn.1980).

■ The trial court did not address the doctrine of res ipsa loquitur or any of the necessary conditions in its Findings of Fact, Conclusions of Law and Order for Judgment. On appeal, Fleming addresses only the first. The record, which is not lengthy, provides some evidence to support the existence of the first two conditions. *See Bossons v. Hertz Corp.*, 287 Minn. 29, 176 N.W.2d 882 (1970), and *Rinkel v. Lee's Plumbing & Heating Co.*, 257 Minn. 14, 99 N.W.2d 779 (1959). However, the third condition, that the event must not have been due to any voluntary action or contribution on the part of the plaintiff, is not supported by the record.

Two possible causes of the roof leakage attributable to Fleming's actions appear in the trial testimony.

The first cause supported by the testimony was poor maintenance. Fleming testified that she was told by Hallum that the roof would need an additional coat every two to three years. Her testimony as to the year she discovered the leaking was uncertain. Hallum testified that he was not notified of a problem with the roof until

the spring of 1983, at which time the required recoating had not been done. Fleming did not obtain an estimate of the roof damage until 1983. Considered as a whole, the evidence would support a finding that the lack of required recoating was a more probable cause of the problem than negligent application.

Secondly, there was a question of whether the urethane roofing was a suitable material for the more steeply sloped part of the roof. Fleming chose this roofing material on the recommendation not only of Hallum but also of her insurance adjuster; moreover, there were a number of advantages to urethane roofing, including insulation value, lower cost, and greater suitability for structurally weak roofs. The evidence failed to show that this roofing material was unsuitable for Fleming's roof or that there was an erroneous representation of facts concerning cost or suitability of material or design, which induced a construction contract. Absent such a showing, the choice of roofing methods was a voluntary action by Fleming.

Fleming's claim that res ipsa loquitur should have been applied to infer that Hallum's negligence was the cause of the peeling of the exterior paint is no more persuasive. At trial she testified only that the paint on her house was peeling in large sheets. No evidence was presented on the extent and location of the peeling. The date when the peeling first occurred was not established. The court found only that it had occurred "some time later." Hallum's testimony supported the trial court's findings that the paint used was appropriate for the stucco and wood surfaces of the house and that he had properly prepared the house, mixed the paint, and applied the paint to the house in a manner directed by the manufacturer and according to the custom in the trade. Hallum further testified that he believed moisture seeping from inside the walls was the cause of any peeling.

Initially the trial court must determine as a question of law if the necessary conditions in *Warrick* have been met. In this case the record did not establish the third condition; therefore, the trial court was not required to apply res ipsa loquitur.

■ Even if the trial court had found that the three conditions existed, it was not required to draw the inference of Hallum's negligence. Minn.R.Civ.P. 43.06 defines res ipsa loquitur as "nothing more than one form of circumstantial evidence creating a permissive inference of negligence." When applicable, the doctrine of res ipsa loquitur establishes a permissive inference only of the defendant's negligence, which the factfinder is not required to adopt. *Stahlberg v. Moe*, 283 Minn. 78, 166 N.W.2d 340 (1969).

■ Here the theory of res ipsa loquitur was submitted to the trial court sitting without a jury. The findings of a trial court are not to be disturbed unless clearly erroneous, i.e., not supported by the weight of the evidence or manifestly controlled or influenced by errors of law. *Pettibone Minnesota Corp. v. Castle*, 311 Minn. 513, 247 N.W.2d 52 (1976). Appellant argues that the trial court's failure to apply the theory of res ipsa loquitur or to address it in its finding is error. The trial court, however, was, as the finder of fact, no more required to draw the inference of res ipsa than is a jury. *Stahlberg* at 83, 166 N.W.2d at 344. It was no more required to make an explicit finding on res ipsa, which is merely a form of circumstantial evidence, than on any other piece of evidence. *Hestbeck v. Hennepin County*, 297 Minn. 419, 212 N.W.2d 361 (1973).

Thus, the appropriate review of the trial court's findings is whether the evidence as a whole supports the factual finding that Hallum was not shown to be negligent.

## II

■ Fleming presented no evidence, other than the circumstantial evidence discussed previously, to show that Hallum negligently applied the urethane foam roofing or the paint. She did present the testimony of a building contractor, who stated that he had never seen that type of roofing on a house. He admitted, however, that he

had no experience with that method of roofing; therefore, he could not testify as to negligent application. The evidence, taken as a whole, does support the trial court's finding that Hallum was not negligent in the application of the roofing or paint to Fleming's house.

Fleming also contends that the trial court erred in finding that she had not presented evidence on the cost of repainting. Since the finding of no negligence in the painting work was supported by the evidence, it is not necessary to discuss the damages issue.

## DECISION

The trial court was not required to apply the doctrine of res ipsa loquitur. Considering the circumstantial evidence presented by the appellant, along with the evidence of other possible causes of both the roof leakage and peeling of paint, we find that the evidence, taken as a whole, supports the trial court's conclusion that Hallum was not negligent in applying the roofing materials or the paint.

Affirmed.