David John CORNELIUS, et al., Appellant,

v.

BADGER MUTUAL INSURANCE COMPANY, Respondent.

No. C5–84–469.

Court of Appeals of Minnesota.

Sept. 4, 1984.

Einar E. Hanson, Thiel, Sorenson, Thiel, Campbell & Gunderson, Minneapolis, for appellant.

Joseph F. Lulic, Cosgrove & Hanson, Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and RANDALL and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

The Corneliuses appeal from the denial of their motion for amended findings or for a new trial following a jury verdict in their favor in the amount of $4,076.50. They contend that the court erred in instructing the jury on the measure of damages. We affirm in part and reverse in part.

## FACTS

In 1981, a storm swept through Minneapolis, damaging the Corneliuses' house. The Corneliuses submitted a claim to their insurer, Badger Mutual Insurance Company (Badger), for storm damage. Part of the claim related to plaster damage to several walls inside their house. The lowest estimate the Corneliuses obtained for repairing the plaster was approximately $6,900. Badger denied the claim for plaster damage on grounds that it was not caused by the windstorm.

The matter proceeded to trial where the parties disputed the causation and amount of the plaster damage. Prior to submitting the matter to the jury, the Corneliuses requested a damage instruction that would "take into account * * * the terms of the insurance contract." The contract stated:

a. the coverage of this policy * * * is extended to include the full cost of repair or replacement (without deduction for depreciation).

*    *    *    *    *    *

d. When the full cost of repair or replacement is more than $1,000 this company shall not be liable for any loss under paragraph a. * * * unless and until actual repair or replacement is completed.

The court denied the requested instruction and charged the jury verbatim under JIG II 185 S (2)(B) as follows:

In determining the amount of damages you are to consider the reasonable cost of repair for restoring the damaged property to substantially the same condition as it was before the harm.

If, following the repairs, the property is in a better condition than its condition before the harm, recovery must be limited to the cost of restoring the property to the condition it was before the harm, not to its improved condition.

The jury awarded the Corneliuses $3,076.50 for storm damage not related to the interior walls. The jury found that the storm caused $1,000 plaster damage. The total award was $4,076.50.

## ISSUE

Did the court incorrectly instruct the jury on the issue of damages?

## ANALYSIS

■■■■ This is a contract action; thus, damages are governed by the terms of the insurance policy. *Olson v. Rugloski,* 277 N.W.2d 385, 387–388 (Minn.1979). The court's instruction, limiting recovery to the value of repair or replacement by deducting the value of any improvement, is narrower than the policy provision. The policy entitles the Corneliuses to receive the full value of a repair or replacement even if that results in an improvement over the original condition. Reimbursement under the terms of the policy is to be "without deduction for depreciation." The jury was improperly instructed to limit damages to the cost of restoration. Restoration value essentially is a tort measure for damages. *See Rinkel v. Lee's Plumbing and Heating Co.,* 257 Minn. 14, 99 N.W.2d 779 (1959). That tort measure for damages is inapplicable under the circumstances here.

Badger contends that damages cannot be measured under the contract because it would have no duty to pay "until actual replacement or repair is completed." Arguably, one purpose of this provision is to

protect Badger from paying on bids that are higher than the actual cost of repair or replacement. However, trial before an independent factfinder affords Badger similar protection. At trial, the insurer may present its own estimates for the work, as well as cross-examine estimates put into evidence by the Corneliuses. For that reason, the purported limitation on recovery under the policy has no effect once the matter comes to trial.

Inasmuch as any attempt to determine what effect the improper damage instruction had upon the jury would involve impermissible conjecture, the issue of damages to the walls must be retried. At retrial, the jury may determine that the storm damaged some walls, but not others. The two issues, damages and causation, are closely related; therefore, we conclude that causation of damage to the walls must also be retried.

The Corneliuses do not contend that the court's instruction prejudiced their recovery on any item other than damage to the walls. Judgment stands on those other items.

### DECISION
Affirmed in part, reversed in part, and remanded for retrial on the issues of causation of and damages to the walls of appellant's home.