**Delores ANDERSON, et al.,
Respondents,**

v.

**BURDICK GRAIN
COMPANY, Appellant.**

**No. C5–84–1671.**

Court of Appeals of Minnesota.

March 5, 1985.

Review Denied May 1, 1985.

Charles T. Hvass, Hvass, Weisman & King, Minneapolis, for respondents.

Charles E. Spevacek, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

WOZNIAK, Judge.

Burdick Grain Co. appeals from the denial of its motions for judgment n.o.v. or for new trial. It contends that the court erred by submitting an instruction on res ipsa loquitur to the jury. The jury found that Burdick's negligence was a direct cause of the elevator fire resulting in damage to the plaintiff's property. We affirm.

## FACTS

Plaintiffs are residents of St. Louis Park in the vicinity of Burdick Grain Co. On May 11, 1977 an explosion in a Burdick elevator damaged their property. Several neighborhood witnesses heard or saw the elevator explode. Some testified that Burdick was continually a source of dust until it burned down. A Minnegasco inspector testified that Burdick had no gas service, eliminating that as a possible cause of the fire. A Burdick employee testified that he and only one other employee were in the complex at the time of the explosion. Before dying from his burns, the other employee was seen running down the street crying, "I didn't mean to do it."

A safety engineer who also was a Minnesota fire marshal testified as an expert witness. He stated that a successful fire needs three elements, air, fuel and an ignition; and that the latter two elements generally may be controlled. In a grain elevator, dust is fuel. Its quantities may be reduced by good housekeeping: sweeping and vacuuming systems. He interpreted the other witnesses' statements regarding grain dust in the neighborhood to be evidence of poor housekeeping. The expert noted that a potential ignition exists by way of overheating motors, scraping metal parts of the conveyer belt, electric switches that throw sparks or, of course, smoking by employees. These are controllable sources. He stated that stringent regulations govern ignition sources in grain elevators because of the risk of explosion. The

expert concluded that the Burdick explosion could have been prevented by taking appropriate reasonable measures.

On cross-examination the expert stated that he had not conducted a physical investigation of the elevator. He admitted that other ignition sources, such as children playing with matches or a latent defect in an electrical unit, could have caused the fire. There was no evidence of these other sources. The defense presented no witnesses, relying instead on cross-examination.

The jury was charged on the issue of res ipsa loquitur, over Burdick's objection, as follows:

> When an accident is such that it would not ordinarily have happened unless someone had been negligent, and if the thing which caused the injury is shown to have been under the exclusive control of the defendant, you are permitted to infer from the accident itself, and the circumstances surrounding it that the defendant was negligent. Before you are permitted to make this inference, you must find all of the following:
> 1. That the plaintiffs' claim arises from a fire which occurred on May 11, 1977.
> 2. That the accident was of a kind which ordinarily does not happen in the absence of the negligence of an employee of the Burdick Grain Company, and
> 3. That the grain elevator was in the exclusive control of the defendant at the time of the injury, and
> 4. That the condition of the elevator which resulted in the fire was not due to the conduct of plaintiff or some third person.
> If you find that the plaintiffs have established all of the above, you are permitted but you are not required to draw such an inference.

The jury instruction tracks JIG 2, 80G–S. It is consistent with Minnesota law. *See Fleming v. Hallum*, 350 N.W.2d 417, 419 (Minn.Ct.App.1984).

The jury determined that Burdick's negligence was a direct cause of the elevator fire and explosion. The issue of damages had been severed before trial and was not presented to the jury.

## ISSUE

Did the court properly submit an instruction on res ipsa loquitur to the jury?

## ANALYSIS

■ In reviewing a motion for judgment n.o.v., we construe the evidence in the light most favorable to the verdict. *Jones v. Fleischhacker*, 325 N.W.2d 633 (Minn. 1982).

Burdick contends that no evidence showed that the accident ordinarily would be due to negligence.

Plaintiffs' expert testified that appropriate measures could have eliminated both the fuel—grain dust, and the undetermined ignition source. Testimony from neighborhood witnesses indicated the dangerous abundance of dust. This would permit the jury to find negligent maintenance.

It is also true that the ignition may have resulted from negligence. Evidence of stringent safeguards designed to minimize the risk of ignition was introduced. A jury could infer that these safeguards were not adhered to, especially in light of testimony that Burdick allowed dust to accumulate. Burdick did not introduce evidence to show that it complied with regulations. There was no evidence of an unusual ignition—arson, a gas explosion or lightning. It can be inferred that the fire originated from inside the premises. Because of testimony that ignition sources are controllable by due care, the jury could have concluded that the ignition was a result of Burdick's negligence. The jury also could have believed that the Burdick employee who inculpatingly cried, "I didn't mean to do it," started the fire.

■ Speaking to the analogous situation of a boiler explosion, our supreme court stated:

> Boilers sometimes explode. Comparing the number of explosions with the extent of the use of boilers, explosions are not

frequent. If they are kept in proper condition and repair, and if they are operated properly, explosions are unusual. Whether the res ipsa doctrine, which permits an inference of negligence from the fact of an explosion, should apply is largely a question of how justice in such cases is most practically and fairly administered. There is nothing legally illogical in permitting the inference to be drawn.

*Kleinman v. Banner Laundry Co.*, 150 Minn. 515, 517–518, 186 N.W. 123, 124 (1921). No doubt some fires start without negligence. In this case the plaintiffs introduced evidence, albeit circumstantial, to reflect Burdick's improper maintenance. In such circumstances

> res ipsa loquitur means that the facts of the occurence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for an explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. * * * When all the issue is in, the question for the jury is whether the preponderance is with the plaintiff.

*Sweeney v. Erving*, 228 U.S. 233, 241, 33 S.Ct. 416, 418–419, 57 L.Ed. 815 (1912) quoted in *Keithley v. Hettinger*, 133 Minn. 36, 40, 157 N.W. 897, 899 (1916) (res ipsa applies to farmhouse fire). The evidence here was sufficient to create a jury issue and thus justifies the instruction. The mere possibility of other causes suggested on cross-examination of the expert is not sufficient to preclude an inference of negligence by Burdick since the evidence reasonably excludes these other causes. *Rinkel v. Lee's Plumbing and Heating Co.*, 257 Minn. 15, 99 N.W.2d 779 (1959).

Burdick also contends that the evidence does not show that it was in exclusive control of the elevator at the relevant time. To the contrary, the jury was allowed to infer from the evidence that only two Burdick employees were on the premises at the time. Speculation about a phantom arsonist does not defeat the application of res ipsa. *Rinkel.*

### DECISION

The facts were sufficient to warrant an instruction on res ipsa loquitur.

We affirm.